THE STATE of Ohio, Appellee,

v.

MURRELL, Appellant.

[Cite as *State v. Murrell* (1991), 72 Ohio App.3d 668.]

Court of Appeals of Ohio,
Butler County.

No. CA90–05–102.

Decided Feb. 25, 1991.

*John F. Holcomb,* Prosecuting Attorney, and *Daniel Gattermeyer,* for appellee.

*Holbrock & Jonson, Timothy R. Evans,* and *Hugh D. Holbrock,* for appellant.

*Per Curiam.*

In November 1989, the Butler County Grand Jury issued a seven-count indictment charging defendant-appellant, Willie Murrell, with the following: two counts of gross sexual imposition and one count of the illegal use of a minor in nudity-oriented material involving seven-year-old C.W.; two counts of

gross sexual imposition involving seven-year-old R.S.; and two counts of gross sexual imposition involving nine-year-old S.S. The indictment alleged that the charges involving C.W. occurred sometime during July or August 1989. The remaining charges were alleged to have occurred during a time period between July 1987 and February 1988. In a subsequent bill of particulars, the state specified that the offenses occurred during the same time frames set forth in the indictment.

Appellant filed several pretrial motions, including a discovery motion to examine the transcript of grand jury testimony and a motion for independent psychological and psychiatric examinations of the victims. The trial court denied all of the above motions.

On the day before trial, the court granted the state's motion to amend the indictment and bill of particulars so as to expand the dates of the offenses involving R.S. and S.S. from July 1987 to September 1988.

Trial by jury commenced on March 1, 1990, and concluded the following day. After the state rested its case-in-chief, the trial court granted the state's motion to amend the indictment and bill of particulars to include September 1989 within the time frame of those counts involving C.W. The jury found appellant guilty on all counts involving C.W. and S.S. The jury returned a verdict of not guilty on the remaining two counts.

Appellant was sentenced of record and timely appealed, presenting the following assignments of error for review:

Assignment of Error No. 1:

"The court erred in allowing the state to amend the indictment and the bill of particulars one day before trial and again at the close of all the evidence."

Assignment of Error No. 2:

"The court erred in denying defendant's motion to discover the grand jury transcript."

Assignment of Error No. 3:

"The court erred in failing to grant the defendant's motion for independent psychological and psychiatric examination."

Assignment of Error No. 4:

"Defendant's convictions were against the manifest weight of the evidence."

In his first assignment of error, appellant argues that the trial court erroneously permitted the state to amend the indictment both before trial and at the close of the state's evidence.

The record reveals that the offenses occurred in appellant's home while the victims were visiting appellant. C.W.'s parents testified that after they became friends with appellant, C.W. began visiting appellant's home at the end of June 1989, and would occasionally stay overnight, with the last such overnight visit occurring on Labor Day weekend in 1989. The parents of R.S. and S.S. testified that their children visited with appellant from the summer of 1987 through the summer of 1988.

In support of his position, appellant relies on *State v. Barnecut* (1988), 44 Ohio App.3d 149, 542 N.E.2d 353. In *Barnecut, supra,* the Fairfield County Court of Appeals developed a bright-line test for determining whether an amendment to the time frame in an indictment violates the accused's due process rights, particularly in criminal child abuse cases. The indictment charged the accused with several counts of misconduct, the first two of which occurred "on a date certain" during the months of May and June 1983, respectively. After its case-in-chief, the state successfully moved to amend the indictment so that the first count allegedly occurred "during the summer months of 1981," while the second count occurred "during the summer months of 1983."

In holding that the lower court should have granted the defendant's motion to dismiss, the court of appeals concluded that: "If no evidence is presented that the alleged offenses occurred within the bracketed time frames specified in the indictment, the counts in the indictment relating to those offenses should be dismissed." *Id.* at 153, 542 N.E.2d at 356. Unlike *Barnecut,* those counts in the case at bar pertaining to R.S. and S.S. were amended *before* trial. Appellant did not move for a continuance or otherwise demonstrate that his defense had been prejudiced by the amendment.

With respect to those counts involving C.W. which were amended at the conclusion of the state's case, the amendment expanded the time frame by one month, although it is readily apparent that such was intended to account for the Labor Day weekend, which only included four days of September. The expansive time frames contemplated in *Barnecut* can hardly be expected to encompass the few days which formed the basis for the amendment in the case at bar.

An indictment compels the government to aver all material facts constituting the essential elements of an offense, the purpose of which is to afford the accused adequate notice and an opportunity to defend, and to enable the accused to protect himself from any future prosecutions for the same offense. *State v. Sellards* (1985), 17 Ohio St.3d 169, 17 OBR 410, 478 N.E.2d 781. Ordinarily, the precise time and date are not essential elements of an offense and the failure to provide specific dates and times in the

indictment, in and of itself, is not a basis for dismissal of the charges. *Id.* at 172, 17 OBR at 412–413, 478 N.E.2d at 784–785. Furthermore, while the state must supply specific dates and times with regard to an alleged offense where it possesses such information, the inability to produce such specific information is without prejudice, and without constitutional consequence, when such does not present a material detriment to the preparation of a defense. *Id.*

Appellant did not claim alibi as a defense. Nor did the defense deny that the victims visited appellant's residence. We conclude that the amendments in question did not prejudice appellant's defense or otherwise deny him due process of law. We find *Barnecut* distinguishable on the facts herein and accordingly conclude that no error occurred in permitting the state to amend the indictment.

Appellant's first assignment of error is accordingly overruled.

█ In his second assignment of error, appellant asserts that the trial court improperly denied his discovery motion to inspect the transcript of grand jury testimony. According to appellant, inspection of the grand jury transcript was necessary to determine whether the victims had remembered previously forgotten facts, whether the state intentionally failed to solicit such information, or whether such testimony was elicited but purposely withheld from the accused. See *Sellards, supra,* 17 Ohio St.3d at 173, 17 OBR at 413–414, 478 N.E.2d at 785–786.

█ Grand jury proceedings are secret and the accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and the defense shows that a particularized need for disclosure exists which outweighs the need for secrecy. *State v. Davis* (1988), 38 Ohio St.3d 361, 528 N.E.2d 925; *State v. Greer* (1981), 66 Ohio St.2d 139, 420 N.E.2d 982. A "particularized need" exists when circumstances reveal a probability that the failure to provide grand jury testimony will deny the accused a fair trial. *Davis, supra,* 38 Ohio St.3d at 365, 528 N.E.2d at 929–930; *Sellards, supra,* at 173, 17 OBR at 413–414, 478 N.E.2d at 785–786.

█ The decision to release grand jury testimony—*i.e.,* whether a particularized need exists—is within the sound discretion of the trial court. *State v. Grewell* (1989), 45 Ohio St.3d 4, 9, 543 N.E.2d 93, 98; *Davis, supra,* 38 Ohio St.3d at 365, 528 N.E.2d at 929–930; *Greer, supra,* at paragraph one of the syllabus. We are satisfied that appellant has not demonstrated a particularized need which would warrant release of the grand jury testimony in the case at bar. We accordingly conclude that the trial court did not abuse its discretion in denying appellant's motion for production of grand jury testimony. The second assignment of error is hereby overruled.

■ For his third assignment of error, appellant argues that the trial court erroneously denied appellant's motion for independent psychological and psychiatric examinations of the victims. Appellant claims he is entitled to the examinations and the use of their results under the ruling in *State v. Boston* (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220.

In *Boston,* the Ohio Supreme Court held that expert opinion testimony on whether sexual abuse had been committed was admissible under Evid.R. 702 and 704 since such would aid the jury in making its decision. *Id.* at 128, 545 N.E.2d at 1239–1240. The court in *Boston* permitted the testimony of two experts, a pediatrician and a psychologist, both of whom testified that child abuse had occurred. Their testimony was based upon an examination of the child victim which produced physical evidence indicating probable vaginal penetration and possible rectal penetration.

In *Boston,* the trial court found the child victim incompetent to testify. In the case at bar, the victims testified and gave accounts and descriptions of both the events and appellant's conduct. In the case at bar, unlike the situation in *Boston,* there was direct evidence of the underlying sexual conduct from the victims themselves. We do not believe that the court's decision in *Boston* was intended to require such examinations at the request of the defense, especially when there is direct testimony from the victim or victims as to the underlying sexual conduct.

By requiring the examinations requested by appellant, the resulting expert testimony or evidence, although not focused upon the victims' veracity, would nevertheless have a direct bearing on the credibility of the child victims who testified and give direct testimony regarding the alleged sexual conduct. The expert evidence essentially attempts to preempt the factual issue of sexual misconduct by indirectly attacking the victims' credibility. Such clearly was not the intent of *Boston.* See *State v. Moreland* (1990), 50 Ohio St.3d 58, 552 N.E.2d 894.

■ We accordingly conclude that *Boston* does not mandate a psychological or psychiatric examination of a child victim in a case involving sexual abuse simply because the defendant requests such an examination. It is within the trial court's discretion to determine whether the expert testimony would aid the trier of fact in making its decision. We find no such abuse of discretion in the case at bar. The third assignment of error is hereby overruled.

Appellant's fourth assignment of error claims that his convictions were against the manifest weight of the evidence. Having reviewed the record, we find substantial evidence upon which the jury could reasonably conclude that each element of gross sexual imposition and the illegal use of a minor in nudity-oriented material was proved beyond a reasonable doubt. *State v.*

*Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132. We therefore overrule appellant's fourth assignment of error.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

Costs to be taxed in compliance with App.R. 24.

*Judgment affirmed.*

JONES, P.J., KOEHLER and WILLIAM W. YOUNG, JJ., concur.