DECISION.
Defendant-appellant Shawn Macht appeals from the judgment of the trial court convicting him of sexual battery and declaring him a sexual predator. Because we find no error in the conviction for sexual battery, we affirm that part of the trial court's judgment. We reverse, however, the adjudication of appellant as a sexual predator.
 Conviction for Sexual Battery
Appellant claims that his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. To reverse a conviction for insufficient evidence, a reviewing court must be persuaded, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks(1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus. Sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546.
To reverse on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. See State v. Martin(1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720, cited with approval inState v. Thompkins(1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.
R.C. 2907.03(A)(3) states, "No person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender knows that the other person submits because the other person is unaware that the act is being committed." We have reviewed all of the evidence in this case, and we hold that the evidence was sufficient to prove that appellant committed sexual battery as defined by R.C. 2907.03(A)(3). We further hold that the judgment is not against the manifest weight of the evidence.
At trial, the state presented evidence that the victim went to a party at a friend's house, where she consumed four or five cups of beer dispensed from a keg. She was not feeling well and had not eaten at all that day. She became ill, vomited, and then, with assistance from friends, lay down in a bedroom in the house. There was another person, a male, passed out or asleep on the same bed at the time. The victim's friends removed her shoes and pulled the covers over her. She then fell asleep or became unconscious, and her friends left the room.
The victim testified that when she awoke, appellant was lying on top of her and had penetrated her vagina with his penis. She testified that she tried to push appellant off of her, and that she twisted her hips in an attempt to get away from appellant, but that she was unsuccessful. The victim noticed that her brassiere had been unfastened and that her shirt was pushed up. She also noted that her pants had been pulled down. Her clothing had not been in that condition when she fell asleep.
After appellant left the room, the victim testified that she called out for her friend, but that the noise from the party drowned out her voice. Eventually, her friend came into the room to check on her, at which time the victim informed her friend that she had been raped. The victim was taken to a hospital.
Appellant did not deny that the sexual intercourse had taken place. He contended at trial that he went into the bedroom because he, like the victim and the other person already asleep in the room, felt ill and wanted to lie down for awhile. He stated that, upon awakening, he saw that the victim was also awake. He claimed that they began talking and joking, and that they then starting kissing and fondling each other. The incident culminated in the removal of each other's clothes and the consummation of intercourse. Appellant stated that the victim was awake at all times and had participated in the sexual intercourse voluntarily.
The victim's testimony that she was ill and sleeping when appellant committed the sexual act was sufficient to support the trial court's determination that the victim was unaware that the conduct was occurring. Furthermore, with the evidence considered in the light most favorable to the state, the victim's testimony that she awoke to find her clothing partially removed and the appellant engaging in intercourse with her supported the trial court's determination that appellant knew that the victim was unaware of the conduct. Crediting the victim's testimony that she was asleep, we are convinced that the appellant had to have unfastened her brassiere and removed her clothing while she was still asleep. Appellant could not have mistaken the victim's state of awareness when he began to have sexual contact with her.
Appellant maintains that the victim's testimony at trial was insufficient as a matter of law to sustain a conviction under R.C.2907.03(A)(3), because the victim at one point in the trial testified on cross-examination as follows:
 Q. [In reference to the victim's written statement to the police:] Okay. Then in your witness statement, if you take a look at it, you write on page 1 between lines 16 or starting at line 16: "The next thing I know someone was on top of me and had penetrated me with his penis. At the same time, Bill [the person passed out on the bed when she initially entered the room] was getting off the bed and left the room." That's your statement of what happened, right?
Right.
Right?
Right.
 Okay. And — though — it's your testimony that when Shawn penetrated you with his penis, you were still unconscious at that point?
 I wouldn't say unconscious, out of it. I wasn't totally there. I still wasn't feeling well.
 I understand you weren't feeling well. * * * So I think what you are saying, I want you to correct me if I'm wrong, but it seems at that point you were still unconscious or were you just out of it?
I was just out of it.
 So you weren't unconscious when Shawn got on top of you and penetrated you with his penis?
Right. It was probably the wrong word to use.
Okay. So you were aware that it was happening.
Right.
This testimony, however, did not preclude a conviction as a matter of law. The victim clarified her statement regarding whether she was "unconscious" at the time the conduct occurred. R.C. 2902.03(A)(3) prohibits engaging in sexual conduct with a person who submits to the conduct because she is "unaware" that the conduct is being committed; it does not require a showing that the person is "unconscious."[1] The victim testified that she was ill and sleeping, not "totally there." Her testimony was sufficient to establish that she was unaware that the conduct was occurring. Thus, we hold that the evidence was sufficient to sustain appellant's conviction.
We also hold that the conviction was not against the manifest weight of the evidence. The case came down to a simple contest involving the credibility of the witnesses, and the finder of fact, the trial court in this case, credited the victim's testimony. We have reviewed the entire record, and we see no indication that the trier of fact lost its way in resolving conflicts in the evidence or in making credibility determinations. Thus, we hold that appellant's conviction was not against the manifest weight of the evidence.
 Grand Jury Testimony
Appellant's third assignment of error states that the trial court erred in overruling appellant's motion for disclosure of the grand jury testimony that led to the indictments against him. Appellant claims that the evidence adduced at trial was inconsistent with the charges in the indictment, which included allegations that appellant had engaged in intercourse while using force or the threat of force to compel the victim to submit.
In State v. Greer(1981), 66 Ohio St.2d 139, 420 N.E.2d 982, the Supreme Court of Ohio stated that "grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." Generally, the defendant must show that, without the disclosure of the testimony, he will effectively be denied a fair trial. See Greer; State v. Murrell(1991), 72 Ohio App.3d 668,672, 595 N.E.2d 982, 985. We review the trial court's decision to deny appellant's request under an abuse-of-discretion standard. Id.
An abuse of discretion is more than an error in judgment; it implies that the lower court was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore(1983), 5 Ohio St.3d 217,450 N.E.2d 1140. Pursuant to this standard, we hold that the trial court did not err in denying appellant's request. The trial court indicated that it had reviewed the grand jury transcripts incamera and had found no justification for their disclosure. Defendant has failed to demonstrate that he was denied a fair trial by the trial court's refusal to disclose the grand jury testimony.
 Prosecutorial Misconduct
Appellant's fourth assignment of error relates to comments made by the prosecuting attorney during closing argument. Appellant contends that the prosecuting attorney inappropriately commented on appellant's exercise of his right against self-incrimination prior to the trial. However, the case was tried to the bench, and the trial court specifically stated that it would not consider the prosecutor's comment in its deliberations. We therefore overrule appellant's fourth assignment of error, as there was no prejudice to appellant from the allegedly improper comments.
 Sexual Predator Adjudication
In appellant's fifth assignment of error, he contends that the trial court erred in adjudicating him a sexual predator. Appellant's indictment for sexual battery included a specification that he was a sexually violent predator. Although the trial court found appellant guilty of sexual battery, the court specifically found him not guilty of the specification.
R.C. 2971.01(H)(1) defines a sexually violent predator as "a person who has been convicted of or pleaded guilty to committing * * * a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses."[2] Thus, by acquitting appellant of the sexually-violent-predator specification, the court necessarily found that the evidence failed to establish that appellant was likely to engage in the future in another sexually violent offense.
R.C. 2950.09 sets forth the methods for classifying a person as a sexual predator, defined as a person who has been convicted of or pleaded guilty to a sexually-oriented offense and who is likely to engage in one or more sexually oriented offenses in the future. R.C. 2950.01(E). In this case, appellant would have been automatically classified as a sexual predator if he had been found guilty of a sexually-oriented offense and guilty of the sexually-violent-predator specification. See R.C. 2950.09(A) (emphasis added). Since he was found not guilty of the specification, he could not be adjudicated a predator pursuant to R.C. 2950.01(A). If an offender cannot be adjudicated a sexual predator pursuant to R.C. 2950.09(A), an offender "may be classified as a sexual predator for purposes of this chapter only in accordance with division (B) or (C) of [that] section." R.C.2950.09(A).
R.C. 2950.09(B) allows the adjudication of an offender as a sexual predator if the offender committed "a sexually oriented offense that [wa]s not a sexually violent offense" or if he committed "a sexually oriented offense that [wa]s a sexually violent offense and a sexually violent predator specification wasnot included in the indictment * * *." (Emphasis added.) R.C.2950.09(C) applies only to those persons who were convicted of or pleaded guilty to a sexually-oriented offense prior to January 1, 1997.
Neither R.C. 2950.09(A), 2950.09(B) nor 2950.09(C) applies to appellant in this case. He was found guilty of committing a sexually violent offense, but a sexually-violent-predator specification was included in the indictment, and the trial court specifically acquitted appellant of that specification. Therefore, the trial court was without authority under R.C 2950.09
to classify appellant a sexual predator, and the appellant's adjudication as a sexual predator must be reversed.
 Conclusion
Therefore, the judgment of the trial court convicting appellant of sexual battery is affirmed. The trial court's adjudication of appellant as a sexual predator is reversed.
Judgment affirmed in part and reversed in part.
 Gorman, J., concurs.
Doan, P.J., concurs in part and dissents in part.
[1] We note that the statute is not a model of clarity. How a person can "submit" to sexual conduct and not be "aware" that it is occurring is inexplicable. We read the statute as prohibiting sexual conduct with another person who is unaware that the conduct is occurring.
[2] Sexual battery is a sexually violent offense. See R.C.2971.01(L).