DECISION. *Page 2 
{¶ 1} Defendant-appellant Michael Brogan was charged with two counts of gross sexual imposition. The victim was Brogan's 12-year-old great-niece Courtney, who had been removed from her parents' home and had lived with Brogan and his wife. Count one alleged that Brogan had "sexual contact" with Courtney on a date between April 29, 2004, and October 29, 2005. Count two alleged that Brogan had "sexual contact" with Courtney on April 6, 2006.
 {¶ 2} Prior to trial, Brogan filed a motion to dismiss count one on the basis that the dates were not specific enough to allow him to defend against the charge. Brogan also filed a motion to sever the charges for trial, as well as a motion in limine to exclude the testimony of his sister-in-law that he had touched her in a similar way when she was Courtney's age. The trial court overruled the motions to dismiss count one and to sever the charges. The court withheld a ruling on the motion in limine until trial.
 {¶ 3} Brogan was tried to the court. At trial, Courtney testified as to count one that one night while she was living with the Brogans, she had gone to sleep in bed next to Brogan's wife. When Courtney woke up, Brogan's wife was gone and Brogan was in bed with her. Brogan had his hand under Courtney's nightgown and inside her bra, and he was stroking her breast. Subsequently, Courtney went back to her parents' home to live. Courtney testified as to count two that on April 6, 2006, she had gone to the circus with the Brogans, and that she was staying overnight at their home. Courtney fell asleep on an air mattress in the living room. She awoke to *Page 3 
find Brogan, who was lying on the couch, with his hand in her bra, touching her breast.
 {¶ 4} Brogan's sister-in-law was permitted to testify, over defense counsel's objection, that in 1977 or 1978, when she was Courtney's age, Brogan had touched her breast under similar circumstances, had fondled her genital area, and had held her foot on his penis. She also testified that Brogan had given her alcohol and marijuana when she was 13.
 {¶ 5} Brogan denied that he had committed the offenses. The trial court found Brogan guilty of both charges and sentenced him to two years' incarceration on each count to be served concurrently. Brogan has appealed.
 {¶ 6} Brogan's first assignment of error alleges that the trial court erred in denying Brogan's motion in limine to exclude the testimony of his sister-in-law.
 {¶ 7} Evid. R. 404(B) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Similarly, R.C. 2945.59 provides that "[i]n any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant." *Page 4 
 {¶ 8} The Ohio Supreme Court has suggested that the two provisions are parallel and should be read in conjunction with one another.[1] The rule and the statute "must be construed against admissibility and the standard for determining admissibility of such evidence is strict."[2]
The trial court must determine whether the other-acts evidence is relevant to the charged crime and whether it is material to any issue in question at trial.[3] To determine the relevancy of other-acts evidence, the trial court "looks to the temporal, modal, and situational relationship between the other act and the crime at issue."[4] The determination of materiality "addresses itself not to the nature of the `other acts' evidence in relation to the charged crime, but to the circumstances shown to surround the charged crime and, in particular, to the nature of the defense to that charged crime."[5]
 {¶ 9} In this case, the state argues that Brogan's sister-in-law's testimony was admissible to show that Brogan's motive in touching Courtney was sexual gratification. But Brogan's motive was not at issue. The only question before the trial court was whether the offenses had occurred. Brogan's defense was that the incidents had never happened. The acts about which Brogan's sister-in-law testified took place approximately 28 years before the charged offenses, far too distant in time to have any permissive probative value for the crimes charged in this case. The sister-in-law's testimony was not material to any issue in question at trial. The only conceivable purpose in *Page 5 
person" who had acted in conformity with his character in committing the offenses against Courtney.
 {¶ 10} The trial court erred in admitting the testimony of Brogan's sister-in-law, but we hold that the error was harmless because the trial court stated that it found Courtney to be credible and that it was making its decision based on Courtney's credibility. The court stated that "everything else washes out including the allegations of prior acts." A trial court is presumed to have considered only relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary.[6] The trial court clearly stated that it had relied not on the prior-bad-acts testimony, but on Courtney's testimony, which it found to be credible. Brogan was tried by an experienced trial judge, and we take the judge at his word that he did not consider the evidence. The first assignment of error is overruled.
 {¶ 11} Brogan's second assignment of error alleges that the trial court erred in denying his motion to dismiss count one of the indictment. Brogan argues that the lack of a specific date deprived him of the opportunity to defend against the charge.
 {¶ 12} An indictment is not per se invalid when dates and times are not included, if the information is not material to the crime charged.[7] The questions are whether the state has the information and whether the dates are material to the defendant's ability to prepare a defense.[8] A certain amount of inexactitude is allowed where the victim is a child and the date of the offense is not material to the case.[9] *Page 6 
When the defendant does not present an alibi defense to show that he could not have been with the victim during the period alleged, he is not prejudiced by the lack of a specific date.[10] Thus, in a case in which the defendant did not claim an alibi defense, admitted that the child victim had been in his house during the time in question, and defended on the basis that the alleged actions had never occurred, the failure to supply a specific date for the offenses could not be said to have prejudiced the defendant.[11]
 {¶ 13} Brogan did not raise an alibi defense for any significant amount of time during the period the offense in count one was alleged to have occurred. He admitted that Courtney had lived at his home during the alleged period, and he defended on the basis that the offense had never occurred. We hold that Brogan was not prejudiced by the lack of a specific date in count one. The second assignment of error is overruled.
 {¶ 14} The third assignment of error alleges that the trial court erred in refusing to sever the counts for trial.
 {¶ 15} The counts met the test for joinder under Crim. R. 8(A) because they were of the same or similar character and constituted two or more transactions that were parts of a common scheme or plan or part of a course of criminal conduct. Even where a defendant claims prejudice, joinder is proper if the evidence as to each crime is simple and direct or if the evidence of the other crime would be admissible even if the counts are severed.[12] *Page 7 
 {¶ 16} The evidence in this case was simple and distinct. The case was tried to the court, lessening the danger of prejudice. The trial court was capable of segregating the proof and not cumulating the evidence of the offenses being tried.[13] Further, the testimony about each offense would have been admissible in a separate trial for the other because they had such a temporal, modal, and situational relationship that the evidence of one act disclosed purposeful action in the commission of the other offense.[14] The acts were committed against the same victim, in the same setting, under comparable circumstances, and with a common modus operandi.[15] Severing these counts would have been the ultimate waste of judicial resources, not to mention an inconvenience to the victim by putting her through two trials.[16] The third assignment of error is overruled.
 {¶ 17} The judgment of the trial court is affirmed.
Judgment affirmed.
HILDEBRANDT, P.J., and PAINTER, J., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] See State v. Broom (1988), 40 Ohio St.3d 277, 533 N.E.2d 682;State v. Love (June 4, 1997), 1st Dist. No. C-960499; State v.Clemons (1994), 94 Ohio App.3d 701, 641 N.E.2d 778.
[2] See State v. Broom, supra.
[3] See State v. Snowden (1976), 49 Ohio App.2d 7, 359 N.E.2d 87;State v. Love, supra.
[4] See id.
[5] See id.
[6] See State v. Post (1987), 32 Ohio St.3d 380, 513 N.E.2d 754;State v. White (1968), 15 Ohio St.2d 146, 239 N.E.2d 65; State v.Hancock, 1st Dist. No. C-030459, 2004-Ohio-1492.
[7] See State v. Lawrinson (1990), 49 Ohio St.3d 238,551 N.E.2d 1261.
[8] See id.
[9] See id; State v. Baxley (July 2, 1998), 1st Dist. No. C-970539.
[10] See, e.g., State v. Gingell (1982), 7 Ohio App.3d 364,455 N.E.2d 1066; State v. Baxley, supra.
[11] See State v. Mundy (1994), 99 Ohio App.3d 275, 650 N.E.2d 502;State v. Murrell (1991), 72 Ohio App.3d 668, 595 N.E.2d 982.
[12] See State v. Schaim, 65 Ohio St.3d 51, 1992-Ohio-31,600 N.E.2d 661.
[13] See State v. Allen, 1st Dist. Nos. C-050010 and C-050011,2006-Ohio-2338.
[14] See id.; State v. Burson (1974), 38 Ohio St.2d 157,311 N.E.2d 526.
[15] See State v. Love, supra.
[16] See State v. Schaim, supra; State v. Torres (1981),66 Ohio St.2d 340, 421 N.E.2d 1288. *Page 1