THE STATE OF OHIO, APPELLEE, *v.* BARNECUT, APPELLANT.

(No. 30-CA-87—Decided April 1, 1988.)

*Gregg Marx* and *David L. Landefeld,* for appellee.

*G. Gene Jackson,* for appellant.

MILLIGAN, J. Defendant-appellant, Paul W. Barnecut, was indicted on six counts of sexual misconduct. The fifth count of the indictment was dismissed at trial because the victim did not testify about any sexual misconduct on appellant's part for the year indicated in the indictment. The indictment otherwise provided:

| COUNT | VIOLATION | VICTIM | DATE/TIME OF OFFENSE |
|---|---|---|---|
| One | 2907.05(A)(3) | Lee Ann Friesner | On a date certain during the month of May 1983, when age nine. |
| Two | 2907.05(A)(3) | Lee Ann Friesner | On a date certain during the month of June 1983, when age nine. |

| COUNT | VIOLATION | VICTIM | DATE/TIME OF OFFENSE |
|---|---|---|---|
| Three | 2907.05(A)(3) | Andrea Christine Bailey | On a date certain during the calender year 1983, when age eleven. |
| Four | 2907.05(A)(3) | Yashonna Lynn Lowder | On a date certain during the calender year 1982, when age eight. |
| Six | 2907.02 | Yashonna Lynn Lowder | On a date certain during December of calender year 1982, when age eight. |

The bill of particulars did not narrow the time frame of any of the counts in the indictment. With regard to the first two counts, the bill of particulars did provide:

"Lee Ann reported that these occurrences happened three or four times during the spring and summer when she was nine years old. * * *

"As the child was nine years old at the time, the State was unable to be any more definite with regard to the date of the offense."

The proof at trial, with regard to each count, showed:

| COUNT | DATE/TIME OF OFFENSE |
|---|---|
| One | Spring or summer of 1981, specifically June, July. |
| Two | Events occurred when victim was nine years old (1983). |
| Three | During fourth (Sept. 1981-June 1982) and fifth (Sept. 1982-June 1983) grades. |
| Four | During spring, summer of 1982, when she was eight years old. |
| Six | Same as Count Four. |

As a result of the proof at trial, the state moved after its case-in-chief to amend the first two counts of the indictment to provide:

| COUNT | DATE/TIME OF OFFENSE |
|---|---|
| One | During the summer months of 1981. |
| Two | During the summer months of 1983. |

Appellant objected to the amendments, as well as to the original indictment, on grounds that the inexactitude of time and variance of proof violated his constitutional right to a fair trial. The trial court overruled the objections.

Appellant did not rely on an alibi defense and in fact admitted to being alone with the victims within the time frames provided in the indictment. Appellant's defense was that the crimes never took place, making the case a credibility assessment for the jury. In addition, no claim is made, and the evidence does not support a claim, of bad faith on the part of the state in failing to narrow the time frames in the indictment.

The jury found appellant guilty of all five counts. He appeals his conviction and sentence assigning as error:

Assignment of Error No. I

"The trial court erred in failing to dismiss the indictment where neither it nor the bill of particulars sufficiently alerted defendant to the specific dates and times upon which the charged offenses were alleged to have occurred where the failure to provide such exac-

titude under the instant facts deprived him of his constitutional rights to due process of law under the Sixth and Fourteenth Amendments to the U.S. Constitution, as well as Section 10, Article I of the Ohio Constitution."

Assignment of Error No. II

"The court erred in failing to dismiss the indictment at the conclusion of the state's case."

Assignment of Error No. III

"The judgment of the trial court is against the manifest weight of the evidence."

## I

Appellant's first assignment of error is that he was denied due process of law due to the inexact dates and times provided in the indictment and bill of particulars.

Appellant was essentially charged with two crimes: gross sexual imposition of a person less than thirteen years of age (R.C. 2907.05[A][3]), and rape (R.C. 2907.02). Under the facts of the instant case, age and the statute of limitations were not issues; thus, time was neither essential nor an element of the offenses.

"Ordinarily, precise times and dates are not essential elements of offenses. Thus, the failure to provide dates and times in an indictment will not alone provide a basis for dismissal of the charges. A certain degree of inexactitude of averments, where they relate to matters other than elements of the offense, is not *per se* impermissible or necessarily fatal to a prosecution." *State* v. *Sellards* (1985), 17 Ohio St. 3d 169, 171, 17 OBR 410, 411-412, 478 N.E. 2d 781, 784.

The *Sellards* court noted that the absence of specifics must truly prejudice the accused's ability fairly to defend himself. *Sellards, supra,* at 172, 17 OBR at 412, 478 N.E. 2d at 784. Absent material detriment to the preparation of a defense, the omission of specific dates and times is without prejudice, and without constitutional consequence. *Sellards, supra,* at 172, 17 OBR at 413, 478 N.E. 2d at 785. If such is not fatal to an indictment, it follows that impreciseness and inexactitude of the evidence at trial is not *"per se* impermissible or necessarily fatal to a prosecution." *State* v. *Robinette* (Feb. 27, 1987), Morrow App. No. CA-652, unreported, at 6. The question in such cases is whether the inexactitude of temporal information truly prejudices the accused's ability fairly to defend himself. *Sellards, supra; State* v. *Gingell* (1982), 7 Ohio App. 3d 364, 368, 7 OBR 464, 468, 455 N.E. 2d 1066, 1071; *State* v. *Kinney* (1987), 35 Ohio App. 3d 84, 519 N.E. 2d 1386.

Grafted upon the question of prejudice is a problem that cases of child abuse invariably present, *i.e.,* a victim-witness who, due to tender years, does not have the temporal memory of an adult and has problems remembering exact times. As the Hamilton County Court of Appeals stated in *Gingell*:

"The real problem arises in cases, like the present, where the state is simply *unable* to comply with times and dates more specific than those found in the instant indictment. With all the best will in the world, information more specific and particular about when the incident occurred cannot be secured. * * * Experience and common sense tell us that a certain degree of inexactitude of averments, *where they relate to matters other than elements of the offenses,* is not *per se* impermissible or necessarily fatal to a prosecution." (Emphasis *sic.*) *Id.* at 368, 7 OBR at 468, 455 N.E. 2d at 1071.

This court has also recognized this particular problem:

"We note that these particular cases often make it more difficult to ascertain specific dates. The victims are young children who may reasonably be unable to remember exact

times and dates of psychologically traumatic sexual abuses. This is especially true where the crimes involve several instances of abuse spread out over an extended period of time. *State* v. *Humfleet* (Sept. 9, 1985), Clermont App. No. CA84-04-031, unreported, at 15. * * * An allowance for reasonableness and inexactitude must be made for such cases considering the circumstances." *Robinette, supra,* at 7-8. See, also, *State* v. *D. B. S.* (Mont. 1985), 700 P. 2d 630, 634 (young children are not "governed by the clock and calendar as adults are" and allowances must be made for the inexactitude of children's memories, or else the defendant becomes virtually immune from prosecution).

Under the facts and circumstances of the instant case, appellant was not prejudiced by the inexactitude of the dates and times of the offenses provided in the indictment and the bill of particulars. The largest time frame in these counts spans one entire calendar year. Such a span has not necessarily been fatal to a successful prosecution. See *Gingell, supra* (three separate acts of rape were alleged to have occurred during a fourteen-month period). See, also, *State v. Williams* (Minn. App. 1985), 363 N.W. 2d 911 (repeated acts of intrafamilial sexual abuse occurred between August 1981 and September 1983); *People* v. *Fritts* (1977), 72 Cal. App. 3d 319, 140 Cal. Rptr. 94 (lewd and lascivious acts occurred between May 1, 1973 and May 1, 1974); *State* v. *Bickford* (Me. 1986), 506 A. 2d 1143 (acts of gross sexual misconduct occurred between March 1982 and December 1983); *D.B.S., supra* (act of incest occurred during ten-month period); *State* v. *Becker* (Minn. 1984), 351 N.W. 2d 923 (sexual acts with children occurred on specific dates and "over an extended period of time"). Appellant has not shown how the failure to produce a specific time or date

in the indictment or bill of particulars has been a material detriment to the preparation of his defense. See *Sellards, supra.* Appellant did not show at trial that he was indisputedly elsewhere. See *Sellards, supra,* at 172, 17 OBR at 413, 478 N.E. 2d at 785; *Gingell, supra,* at 368, 7 OBR at 468, 455 N.E. 2d at 1071. In the case *sub judice,* appellant admitted to being alone with the victims throughout the time frames provided in the indictment. His defense was that the touchings never happened, and that the victim-witnesses were in fact lying. Alibi was not part of his defense. Compare *Fritts, supra; Bickford, supra; State* v. *Walker* (Me. 1986), 506 A. 2d 1143.

Under the facts and circumstances of the instant case, appellant was not prejudiced with regard to the inexactitude of dates or times in the indictment or bill of particulars.

The first assignment of error is overruled.

## II

Appellant's second assigned error is that the trial court erred in not dismissing the indictment at the conclusion of the state's case-in-chief.

With regard to the first two counts of the indictment, we agree. However, we find that the trial court did not err in not dismissing the entire indictment, specifically, the third, fourth and sixth counts of the indictment.

Appellant was originally indicted for an offense which allegedly occurred during May 1983. The proof at trial, however, was that offenses occurred some time during the spring or summer of 1981, specifically during the months of June or July. A variance of more than two years, especially when none of the other counts of the indict-

ments alleges any misconduct during the year of 1981, is prejudicial to a defendant defending himself against charges of repeated misconduct over an extended, bracketed period of time.

Appellant's due process rights to a fair trial were violated when the trial court allowed the indictment to be amended with regard to the first two counts after the state's case-in-chief was completed. If no evidence is presented that the alleged offenses occurred within the bracketed time frames specified in the indictment, the counts in the indictment relating to those offenses should be dismissed. Any variance of proof outside the parameters of time established by the indictment may constitute a separate offense. This analysis suggests a bright-line test, *i.e.,* that an accused be tried for the crimes alleged in the indictment, and that any evidence outside the time period established in the indictment may constitute a separate offense requiring separate process. This bright-line approach is particularly appropriate in criminal child abuse cases. In such cases, the state is granted greater leeway in charging that the crime(s) took place within a fairly broad time frame. The *quid pro quo* is that the state prove what it charged.

With regard to the third, fourth, and sixth counts of the indictment, the evidence at trial on these counts was consistent with establishing that the offenses occurred within the time frames provided in the indictment and bill of particulars. See *Robinette, supra,* at 7; *State* v. *Lee* (Aug. 11, 1983), Cuyahoga App. No. 45803, unreported, at 12.

The second assignment of error is sustained with regard to counts one and two of the indictment. Final judgment, per App. R. 12(B), is entered dismissing those two counts. The assignment of error with regard to counts three, four, and six of the indictment is overruled.

### III

Appellant argues by his third assignment of error that his conviction is against the manifest weight of the evidence.

We find, however, that there was substantial credible evidence going to each element of the offense with regard to counts three, four, and six of the indictment. *State* v. *Martin* (1986), 21 Ohio St. 3d 91, 95, 21 OBR 386, 389, 488 N.E. 2d 166, 169; *State* v. *Clough* (Apr. 17, 1987), Coshocton App. No. 86-CA-7, unreported, at 7. Since counts one and two of the indictment are dismissed, there is no need to pass on this assignment of error as it relates to those two counts.

The third assignment of error is overruled.

The judgment of the Fairfield County Court of Common Pleas is affirmed in part and reversed in part, and final judgment is entered.

*Judgment accordingly.*

TURPIN, J., concurs.

PUTMAN, P.J., concurs in part and dissents in part.

PUTMAN, P.J., concurring in part and dissenting in part. On February 20, 1987, the defendant-appellant was indicted on five counts of gross sexual imposition and one count of rape. All counts involved girls less than thirteen years of age at the time of the alleged offense. Defendant entered pleas of not guilty to all counts.

The offenses were alleged to have occurred, in the words of the indictment, as follows:

| COUNT I | Lee Ann Friesner — during the month of May 1983. |
| COUNT II | Lee Ann Friesner — during the month of June 1983. |
| COUNT III | Andrea Christine Bailey — during the calendar year 1983. |
| COUNT IV | Yashonna Lynn Lowder — during the calendar year 1982. |
| COUNT V | Yashonna Lynn Lowder — during the calendar year 1983. |
| COUNT VI | Yashonna Lynn Lowder — during the summer of calendar year 1982. |

At trial and over defendant's objection, the state was permitted to amend Counts I and II as follows:

Count I to read "during the summer months of 1981" instead of "during the month of May, 1983."

Count II to read "during the summer months" instead of "during the month of June."

The requested bill of particulars was no more specific as to the dates of the alleged offenses than was the indictment.

Defendant moved to dismiss the indictment because of the inexactitude in times and dates alleged, citing a denial of due process pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and to Section 10, Article I of the Ohio Constitution.

Defendant's motion to dismiss was overruled and the case proceeded to trial.

At trial, all the victims were permitted to testify as to their present recollection of the events occurring at an unspecified time sometime during years 1981 through 1983. The complaining witnesses were aged seven through eleven years of age.

At the close of the state's case defendant again moved for dismissal of the charges upon grounds of denial of due process for inability to prepare a defense and insufficiency of the evidence. This motion was overruled.

The state having dismissed Count V of the indictment, the jury returned a verdict of guilty to all other counts, and defendant was sentenced July 30, 1987. A notice of appeal was filed August 5, 1987.

I would sustain the first two assignments of error and overrule the third assignment for the reasons that follow.

Although the first two counts have been drafted to escape the problem inherent in a broader time frame than a period of one month (see *State* v. *Sellards* [1985], 17 Ohio St. 3d 169, 17 OBR 410, 478 N.E. 2d 781), there is no testimony in the record to support even that limited time in the record.

In contrast to the allegations that Count I was "during the month of May 1983" and Count II "during the month of June 1983," the complaining-witness testimony fell far short of that limitation as to time. Lee Ann Friesner, the complaining witness, testified as follows:

"Q. You understand that it is important to tell the truth?

"A. Yes.

"Q. You were in his shop in Lancaster when he did this to you?

"A. Yes.

"Q. And he did this about three or four times?

"A. Yes.

"Q. Would you say he did this in the wintertime?

"A. No.

"Q. Do you know what time of the year he did it?

"A. Spring or summer.

"Q. Okay. And was it nighttime or daylight?

"A. Day.

"* * *

"Q. Lea Anne [*sic*], I'd like you to look on page 3 of the statement. Around in the middle of the page, does it say 'Would you say this happened in the spring, or the summer, or the fall?'

"A. Yes.

"Q. Okay. And what was your answer then?

"A. 'Spring and summer.'

"Q. Then did he ask you just about the time spring changes into summer?

"A. Yes.

"Q. And then did he ask you, 'And this was when you were nine years old?'

"A. Yes.

"Q. And what was your answer?

"A. 'Uh-huh.'

"Q. Does that mean yes?

"A. Yes.

"Q. Okay. Do you know whether you were nine or seven when this happened?

"A. I was seven.

"Q. So you were wrong when you told Gary Pierce?

"A. Yeah.

"Q. Was it in the spring or summer?

"A. Yes.

"Q. So that would mean it would have been during the spring or summer of 1981?

"A. Yeah.

"Q. Because you were born in 1974. You would have been seven years old in March of 1981, right?

"A. Yeah.

"Q. So if it happened when you were seven, that would have been some time during the spring or summer of 1981, right?

"A. Yeah.

"Q. Okay. Do you — what do you consider the spring and summer months to be?

"A. June, July.

"Q. So, would you say it's accurate to say that Barney touched your breasts during June or July of 1981?

"Q. Yes."

Thereafter the trial court, over objection, permitted this indictment to be amended to read as to Count I "on a date certain during the summer months of 1981" and Count II to read "on a date certain during the summer months of 1983."

Although the indictment was worded to claim "a date certain," no date certain was ever established by any testimony of any witness as to any count.

As to the Count III, Andrea Christine Bailey testified that the events took place during the last six months she was in the fifth grade and that was 1983.

As to Count IV and Count VI, Yashonna Lowder testified that the events took place when she was eight years old and she was born July 24, 1974. Her testimony as to time frame was no more narrow than the indictment, "during the summer of 1982."

Count V was dismissed.

No other witness was able further to narrow the time frames. In no instance was there either a fresh complaint or a medical examination.

It is manifest that the accused could not possibly prepare any defense to these broad time frames. A search for exculpatory witnesses who might have been present at the time and place alleged was not possible.

The right to defend is guaranteed by the Due Process Clauses of both federal and state Constitutions. Moreover, the amendment of Count I from the year 1983 to the year 1981 violated the Ohio constitutional right not to be called upon to answer a charge of infamous crime unless on presentment or indictment of a grand jury.

I concur in overruling the third

assignment of error because the judgment is not against the manifest weight of the evidence.

In my opinion, the reversed counts taint the balance of the counts. Their display to the jury denied a fair trial to the accused. The judgment of the Court of Common Pleas of Fairfield County should be reversed as to all counts.