OPINION
Defendant Gerald R. Wears appeals a judgment of the Court of Common Pleas, Morrow County, Ohio, convicting and sentencing him for five counts of gross sexual imposition in violation of R.C. 2907.05, after a jury found him guilty. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
 I. EVIDENCE OF PURPOSEFUL INTENT IS REQUIRED TO SUSTAIN A CONVICTION FOR GROSS SEXUAL IMPOSITION AND WHEN SUCH EVIDENCE IS LACKING, AS IN THE INSTANT CASE, ANY CONVICTION MUST BE SET ASIDE.
 II. AS TO THE CONVICTIONS INVOLVING TABETHA HIETT THE STATE FAILED TO PRESENT EVIDENCE AT TRIAL AS TO THE [SIC] OF THE CHARGED OFFENSE.
 III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN RULING THAT RETRIEVAL OF DOCUMENTARY EVIDENCE FROM APPELLANT'S RESIDENCE WAS WITH THE VOLUNTARY CONSENSUAL APPROVAL OF THE APPELLANT.
Appellant was originally charged with more than 160 separate charges arising out of alleged acts of sexual conduct with a number of young girls from 1992 through 1995. The jury eventually found him guilty of gross sexual imposition involving a 12 year old, an 11 year old, and a 9 year old. The three victims all testified against appellant, indicating the criminal conduct occurred when appellant was babysitting them.
 I
Although inartfully drafted, appellant's assignment of error appears to argue the court erred in entering a conviction against him because the State failed to present evidence of intent. R.C. 2907.05 prohibits sexual contact with another, not the spouse of the offender, if the other person is less than 13 years of age, whether or not the offender is aware of the age of the person. R.C. 2907.01 defines sexual contact as touching of an erogenous zone of another, including the thigh, genitals, buttock, pubic region, or, if a female a breast, for the purpose of sexual arousing or gratifying either person.
R.C. 2901.22(A) provides: ". . . a person acts purposely when it is his specific intention to cause a certain result or, when the gist of the offense is prohibition against conduct of a certain nature, regardless of what the offender intents to accomplish thereby, it is his specific intention to engage in conduct of that nature . . . ." From the above, appellant asserts an essential element of the crime of gross sexual imposition is a touching of certain body parts for the purpose of sexual arousal or gratification. Appellant argues the State must prove he committed the acts for the specific purpose of sexually arousing, or gratifying either himself or the alleged victims. Appellant argues the State prosecuted his case as a strict liability offense, as if all the State needed to do was prove the appellant touched three girls under the age of 13 in an area of the body proscribed by statute.
In State v. Mundy (1994), 99 Ohio App.3d 275, the Second District Court of Appeals, for Montgomery County, reviewed a claim that the gross sexual imposition statute is unconstitutional both on its face and as applied in the case. As part of its analysis, the Montgomery County Court of Appeals reviewed the culpable mental state required for a conviction under the statute. The court found the State must prove the acts were committed for the specific purpose or intention of sexual arousal or gratification,Mundy at 287, citations deleted. The Court of Appeals found the statute was written in such a way that a person of ordinary intelligence could understand the conduct it was intended to prohibit. Criminal conduct is distinguished from non-criminal innocent behavior, such as accidental touching, bathing, changing a diaper, or wrestling, Mundy at 289. The Court of Appeals noted a mental state may not be readily evident to an on-looker, and so the jury must review objective facts and may draw reasonable inferences from those facts. Nevertheless, the mental state itself is a subjective condition regarding what the particular accused in fact intended when he or she committed the specific act, Mundy at 293.
We have reviewed the record, and we find there were objective facts from which the jury could infer appellant committed the prohibited acts with the purpose or specific intention of arousal or gratification of sexual desire. Contrary to appellant's assertion, direct evidence is not necessary, but the State may prove intent by circumstantial evidence.
The first assignment of error is overruled.
 II
In the second assignment of error, the appellant argues the youngest child was unable to testify regarding when the alleged acts occurred. The indictment specified with respect to this victim, the alleged acts of gross sexual imposition occurred in June and July, 1995. The child testified both incidents occurred during a time when she and the appellant were playing soldier, but she could not remember the year, the time of day, or even the weather conditions.
The child's older sister testified the appellant babysat both children at the same time, and the older child was assaulted in the months of June and July of 1995. The older girl described the soldier game appellant would play with the two children. The State also presented the testimony of the children's grandmother regarding the time frame in which appellant babysat the two children.
The State directs our attention to State v. Barnecut (1988),44 Ohio App.3d 149. In Barnecut, this court reversed a conviction where the appellant was indicted for alleged crimes committed in 1983, but the evidence presented at trial indicated the offenses occurred in 1981. In Barnecut, we found the accused's ability to defend himself was prejudiced by a two-year variance in the time frame. The State asserts here, appellant was not prejudiced in his ability to defend himself, because there was no conflict as to the time frame specified.
In Barnecut, and numerous other cases involving young children, we have had occasion to comment on the difficulty young victims have remembering exact times and dates of psychologically traumatic abuse, particularly where it involves several instances of abuse spread out over an extended period of time. Given the hazards associated with obtaining specific dates, we find the information provided by the State's witnesses to the jury was remarkably specific.
We find the appellant was not prejudiced by the youngest witness' inability to provide a specific date in her testimony, because the testimony of her sister and grandmother provided the time frame.
The second assignment of error is overruled.
 III
Finally, appellant argues the trial court should have suppressed certain evidence which he maintains was obtained from his residence without a warrant, and without his consent. The State points out appellant did not provide us with a transcript of the suppression hearing. The State and appellant both assert that at the hearing, an investigator for the Morrow County Department of Human Services informed appellant that if he did not give consent to search she would secure a warrant. It appears the evidence of which appellant complains were photographs of the victims and other children, as well as certain paraphernalia.
App.R. 9 places the burden on the appellant to provide a transcript of criminal evidence relevant to a finding or conclusion which the appellant alleges is unsupported by the weight of the evidence, and in the absence of such transcript, the court of appeals has no choice but to assume the validity of the court's determinations, see e.g. State v. Smith (1993),87 Ohio App.3d 480.
We find the trial court did not err in admitted the contested evidence. Accordingly, the third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Morrow County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Hoffman, J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Morrow County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.