DECISION
This is an appeal by plaintiff, the state of Ohio, from a judgment of the Franklin County Court of Common Pleas dismissing all counts of a criminal indictment against defendant, Ronald Fitch.
On June 14, 1999, defendant was indicted on two counts of felonious sexual penetration, in violation of R.C. 2907.12, six counts of gross sexual imposition, in violation of R.C. 2907.05, one count of rape, in violation of R.C. 2907.02, and three counts of attempted rape, in violation of R.C. 2923.02 and 2907.02. All of the counts alleged conduct by defendant against the same victim, a child younger than thirteen years of age. Counts one, two, three, four and five of the indictment alleged conduct by defendant occurring "from on or about November 1, 1989 through July 31, 1991." Count six alleged conduct by defendant occurring "from on or about July 1, 1991 through February 29, 1992." Counts seven, eight and nine alleged conduct by defendant occurring "from on or about May 1, 1992 through March 31, 1993." Counts ten and eleven alleged conduct by defendant occurring "from on or about March 1, 1993 through June 30, 1993," while count twelve alleged conduct by defendant occurring "from on or about June 1, 1997 through June 30, 1997."
On August 23, 1999, defendant filed a motion for a bill of particulars. On September 2, 1999, the state filed a bill of particulars, setting forth the "Nature of Offense," the "Conduct of Defendant, Date and Time," and the "Location of Offense" for each count of the indictment. The bill of particulars averred the following locations of the offenses: 2824 Lake Park Drive (counts one through five); 1640 Dundee Place (count six); 2086 Genessee Avenue (counts seven, eight and nine); and 3834 Frazier Road East (counts ten, eleven and twelve).
On September 7, 1999, defendant filed a "motion for a specific bill of particulars or, in the alternative, a motion to dismiss counts one through eleven of the indictment." On November 22, 1999, the trial court held a hearing on defendant's motion to dismiss. During the hearing, the trial court expressed concern regarding the time frames set forth in the indictment. The court also discussed with counsel "find[ing] a mechanism * * * where this case is taken to the 10th District Court of Appeals and have them address this issue." (Tr. Nov. 22, 1999, 15.) The court instructed both counsel for the state and the defendant to "figure out a way whereby I could grant * * * [defense counsel's] motion to dismiss in such a way that jeopardy does not attach, with the full intentions and desire that this issue go to the 10th District Court of Appeals, and them to set out the law in this case before we try the case." (Tr. Nov. 22, 1999, 16-17.)
During that hearing, the prosecutor noted that the state had provided the defendant information as to the locations of the offenses. The prosecutor also represented that the defendant had been interviewed by a caseworker and that defendant acknowledged that certain incidents "occurred between him and * * * [the alleged victim] when she was 4 or 5 years old and lived at Lake Park and Dundee Place." (Tr. Nov. 22, 1999, 23-24.) The prosecutor further noted that the defendant was the stepfather of the alleged victim and that "he did reside in each of those locations with them" until June 1993. (Tr. Nov. 22, 1999, 26.) Finally, the prosecutor stated that count twelve was based on an incident in June 1997, when the child spent the night at the location indicated.
On January 27, 2000, defendant filed a motion in limine "to prevent testimony regarding any and all times during which the conduct alleged in the indictment occurred." On March 20, 2000, the state filed a memorandum contra defendant's motion in limine. In the memorandum, the state argued that the defendant and victim had resided together for a number of years, and that "[t]he State has been as precise as possible" regarding the time periods in the indictment. The state also asserted that the defendant "admits to sexual contact with the victim during the very time frames the State alleges in the indictment." Attached to the state's memorandum was a purported copy of the defendant's statement to an employee of Franklin County Children Services.
The trial court conducted a hearing on May 1, 2000, at which time the prosecutor called Detective Mary Harrison as a witness. Harrison testified concerning the time frames involved in the indictment. Harrison also testified that the defendant had acknowledged to a caseworker "a history of five separate incidents" involving the child. (Tr. May 1, 2000, 15.) More specifically, according to Harrison, the defendant "described five separate incidents that occurred, several at Lake Park Drive and at Dundee Place." (Tr. May 1, 2000, 19.) Harrison also testified that the child's date of birth is October 30, 1985.
At the conclusion of the testimony, the trial court again expressed a desire "to get the law of the case straightened out before we try the case." (Tr. May 1, 2000, 35.) The court also indicated that it was "going to suppress * * * all the counts" the trial judge stated that, "I think we all agree if I suppress the evidence, or if we do it on a Motion to Suppress, we can go to Appeals and get the law straightened out." (Tr. May 1, 2000, 36.) The court further indicated that it was going to dismiss all of the counts, rather than just those counts involving the longest time frame.
By entry filed May 22, 2000, the trial court sustained defendant's motion to dismiss the indictment. On appeal, the state has set forth the following single assignment of error for review:
THE TRIAL COURT ERRED IN DISMISSING THE INDICTMENT.
Under its single assignment of error, the state asserts that the trial court erred in dismissing the twelve-count indictment against the defendant. As noted under the facts, the trial court granted defendant's motion to dismiss the indictment based on the court's concern that the time frame in which defendant was alleged to have committed certain offenses was overly broad. In particular, the trial court's primary concern dealt with counts one through five, which alleged conduct "from on or about November 1, 1989 through July 31, 1991," a time frame covering approximately twenty-one months.
In general, "[t]he purpose of an indictment is to compel the government to aver all material facts constituting the essential elements of an offense, thereby affording the accused adequate notice and an opportunity to defend." State v. Koelling (Mar. 21, 1995), Franklin App. No. 94APA06-866, unreported. Further, "[u]nder the United States and Ohio Constitutions, an individual accused of a felony is entitled to an indictment setting forth the `nature and cause of the accusation.'" Statev. Smith (Dec. 30, 1991), Butler App. No. CA91-06-104, unreported.
In State v. Darroch (Dec. 10, 1993), Lake App. No. 92-L-104, unreported, the court noted that:
 * * * [T]he Ohio Supreme Court has adopted a three-prong analysis for determining whether a criminal defendant's due process rights have been violated when an indictment does not state the exact date upon which the charged offense allegedly took place. First, it must be determined whether time was an element of the charged offense. Second, it must be determined whether the state disclosed to the defendant all of the information it had concerning when the offense occurred. Third, even if full disclosure has taken place, it must be decided whether the state's inability to pinpoint the time has prejudiced the defendant's ability to fully defend himself. State v. Sellards (1985), 17 Ohio St.3d 169.
Regarding the precise time and date of an offense, ordinarily these "are not essential elements of an offense; the failure to provide specific times and dates in the indictment is not, in and of itself, a basis for dismissal of the charges." Koelling, supra. Under Ohio law, "[i]t is well-stated that, particularly in cases involving sexual misconduct with a child, the precise times and dates of the alleged offense or offenses oftentimes cannot be determined with specificity."Id., citing State v. Barnecut (1988), 44 Ohio App.3d 149. See, also,State v. Ritchie (Apr. 2, 1997), Lorain App. No. 95CA006211, unreported. ("It has been widely held in Ohio that an indictment involving child sexual abuse need not specify exact dates and times of the alleged offenses").
In the instant case, as noted under the facts, defendant was charged with felonious sexual penetration, in violation of R.C. 2907.12, gross sexual imposition, in violation of R.C. 2907.05, and rape and attempted rape, in violation of R.C. 2907.02. In cases involving those same offenses, it has been noted that "[t]he precise date and time of the criminal conduct involved are not essential elements of those offenses."State v. Boehm (Dec. 31, 1997), Montgomery App. No. 16335, unreported. See, also, State v. Mundy (1994), 99 Ohio App.3d 275, 296 (precise time and date not an element of gross sexual imposition under R.C. 2907.05);State v. Stepp (1997), 117 Ohio App.3d 561 (prosecutor's failure to provide defense with more specific information regarding alleged offense of felonious sexual penetration did not prejudice defendant where date was not an element of the offense); State v. Gingell (1982),7 Ohio App.3d 364 (averment of precise time and date of alleged rape not an essential element of the offense). We note, in the present case, that defendant does not assert that the date and time of the offenses alleged are essential elements of the offenses.
Concerning the state's disclosure of information, the record indicates that the state provided defendant a bill of particulars regarding the information it possessed. Further, evidence as to the state's knowledge of more precise times and dates was presented at the hearing, in which Detective Harrison testified on behalf of the state. In his brief, defendant does not dispute the state's assertion that it does not possess more specific dates and times with respect to the offenses alleged. Regarding the state's efforts to narrow the dates, the trial judge noted on the record, "I don't doubt that the detective did her best in narrowing these dates down. * * * I am not questioning you of hiding a date or anything like that." (Tr. May 1, 2000, 6.)
While defendant concedes that time is not an element of the offenses at issue, and that the state has not withheld information, defendant nevertheless contends that his ability to prepare a defense has been impaired by the state's failure to provide more specific dates. In so arguing, defendant appears to rely on factual allegations that are not part of the record. Specifically, defendant asserts in his brief that, "[a]t various times, * * * [he] was at his place of employment, socializing with others, or otherwise outside of the home and away from * * * [the alleged victim]." However, at this stage of the proceedings, there has been no evidence presented as to defendant's contentions. We also note that, prior to the trial court's dismissal of the indictment, defendant had not filed a notice of alibi, and thus any claim of potential alibi defense is merely speculative at this time.
Further, we agree with the state that the trial court, in dismissing the indictment, never made a definitive determination that defendant's statutory or constitutional rights had been violated by the indicted time frames. Rather, as noted under the facts, the trial court indicated that it was primarily seeking guidance from this court before proceeding to trial. In reviewing the trial court's comments at the various hearings, the court appears to have been suggesting that this court provide a "bright line" test as to when a time frame in an indictment is overly broad. However, as noted by one court, "[a]n examination of the relevant decisions does not suggest that there is a `bright line' such that an indictment alleging an offense over a certain extended period of time is per se invalid." State v. Cottrell (Feb. 19, 1987), Cuyahoga App. No. 51576, unreported.
We note that a number of courts have found no prejudice to defendants in cases involving similar or more lengthy time frames than those in the instant case. See, e.g., State v. Kerr (Oct. 9, 1998), Lake App. No. 97-L-032, unreported, (no evidence state was aware of more precise dates beyond time frame set forth in indictment of "on or between the 1st day of September, 1994, and the 12th day of June 1996," and defendant failed to show how he was prejudiced by lack of exact dates); Mundy, supra, at 296, (defendant failed to demonstrate prejudice by lack of specific dates in case in which time interval for some of the offenses involved "just over eight years"); Smith, supra (defendant not prejudiced by indictment and bill of particulars which alleged offenses occurring over a five to six year period); State v. Howard (Apr. 9, 1992), Cuyahoga App. No. 60184, unreported, (no prejudice to defendant where indictments alleged that defendant committed gross sexual imposition throughout time period from 1985 through 1987); Boehm, supra, (in case in which state's bill of particulars narrowed time frames down to two years or less, defendant failed to demonstrate prejudice by lack of more specific dates and times).
In the present case, the indictment set forth the essential elements of the offense and, based on the nature of the alleged offenses and the information available, we are unable to conclude that the state was obligated to provide more precise dates. Further, the defendant has failed to demonstrate, at this stage of the proceedings, that he has been prejudiced by the time intervals set forth in the indictment. Finally, it should be noted that difficulty in presenting a defense, in view of extended time frames, is not fatal to the state's position. And while a defendant is entitled to notice and evidence that will be advanced to prove guilt, the state is not foreclosed from prosecuting its case, even with extended time frames, as long as other evidence is tendered in support of the elements of the alleged offense. Accordingly, we conclude the trial court erred in dismissing the indictment.
Based upon the foregoing, the state's single assignment of error is sustained, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed, and cause remanded.
LAZARUS, J., concurs.
KENNEDY, J., concurs in judgment only.