DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the March 28, 2000 judgment of the Lucas County Court of Common Pleas, which sentenced appellant, Albert Morgan, following his jury conviction on one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). On appeal, appellant asserts the following assignments of error:
 "I. THE TRIAL COURT'S AMENDMENT OF THE INDICTMENT AT THE END OF APPELLANT'S TRIAL WAS PREJUDICIAL AND DENIED APPELLANT HIS RIGHT TO A FAIR TRIAL.
 "II. APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
In his first assignment of error, appellant alleges that the trial court erred when it permitted the state to amend the indictment to alter the time frame within which the crime occurred.
In its original indictment, the state charged that "on or between the 3rd day of April 1998 through the 8th day of May, 1998," appellant had sexual contact with the minor victim. After presenting its case, however, the state had failed to present any evidence that the crime occurred within that time frame. Appellant moved for an acquittal on this basis. The court, however, allowed the state to amend the indictment to state a time frame of between September 1, 1997 through April 1999 (extending the time frame eighteen months) in order to conform the indictment to the evidence. Appellant opposed the amendment and sought a judgment of acquittal notwithstanding the verdict or a new trial. Appellant asserted that he had relied upon the original indictment and the state's discovery when preparing for his defense and developing his strategy for questioning the witnesses during trial. The court denied the motion on the ground that a new trial was warranted only if the variance in proof misled or prejudiced appellant.
Crim.R. 7(D) provides that:
 "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment * * * or to cure a variance between the indictment * * * and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. * * * No action of the court in refusing a continuance or postponement under this division is reviewable except after motion to grant a new trial therefor is refused by the trial court, and no appeal based upon such action of the court shall be sustained nor reversal had unless, from consideration of the whole proceedings, the reviewing court finds that a failure of justice resulted."
On appeal, appellant contends that Crim.R. 7(D) provides that he is entitled to a mistrial unless the record is clear that there was no prejudice. Appellant asserts that the court clearly saw prejudice in this case because the court offered to allow appellant to reopen his case-in-chief and to re-examine the complainant on the issue of the amended time frame. While appellant views this action as a sign of prejudice, we view it as a attempt by the court to ensure that appellant received a fair trial.
Since the precise date and time of a violation of R.C. 2907.05(A)(4) are not essential elements of the crime, an indictment need not allege a specific date of the offense. R.C. 2941.08(B) and (C); State v. Hensley
(1991), 59 Ohio St.3d 136, 141-142; State v. Sellards (1985),17 Ohio St.3d 169, 172; State v. Ambrosia (1990), 67 Ohio App.3d 552; andState v. Mundy (1994), 99 Ohio App.3d 275, 296. The basis for this rule is easily understood in sexual abuse cases where young victims cannot identify the specific date on which the crime(s) occurred. State v.Barnecut (1988), 44 Ohio App.3d 149, 152.
However, an exception to this general rule exists where the failure to allege a specific date "results in material detriment to the accused's ability to fairly defend himself, as where the accused asserts an alibi or claims that he was indisputably elsewhere during part, but not all, of the interval specified." State v. Sellards, supra at 171; State v.Mundy, supra; and State v. Turner (Aug. 29, 1997), Erie App. No. E-95-056, unreported. Even where the state has more specific information, a bill of particulars is not warranted unless the information is material to the defense's preparation and presentation of its defense. State v. Hensley, supra, and State v. Lawrinson (1990),49 Ohio St.3d 238, 239.
Appellant attempts to distinguish this case from those relied upon by the court on the basis that the crime in this case involved one offense with a single victim at a specific time and on a specific date. Appellant argues that the prosecution alleged a specific time frame within which the crime occurred, but was then unable to prove that a crime occurred during this time frame. Therefore, he argues that the indictment should have been dismissed, not amended relying upon the "bright-line" approached of State v. Barnecut, supra at 153. In that case, the court held that the defendant's due process right to a fair trial was violated when the indictment was not dismissed as to counts that alleged a crime occurred within a specific time period but the state was unable to prove the allegation. The court reasoned that the quid pro quo of allowing the state to allege wide time frames in child abuse cases is that they must prove that the crime did occur within this time frame or begin again with a separate prosecution.
We agree with the trial court that the "bright-line" test enunciated inState v. Barnecut, supra, is no longer good law. Crim.R. 7(D) permits an indictment to be amended to include even an omitted essential element of the crime "if the name or the identity of the crime is not changed, and the accused has not been misled or prejudiced by the omission of such element from the indictment. * * *." State v. O'Brien (1987),30 Ohio St.3d 122, paragraph two of the syllabus. Clearly, the rule permits amendment to conform the indictment to the evidence to include the non-essential element of the date of the crime. The central issue is whether the inaccurate allegation of the date of the crime was prejudicial to appellant. Other courts have permitted amendment of the indictment in such cases so long as the defense was not materially prejudiced by the change in the alleged date of the crime. State v. Stepp
(1997), 117 Ohio App.3d 561, 566; State v. Mundy, supra, at 312-313;State v. Murrell (1991), 72 Ohio App.3d 668, 671; and State v. Turner,supra.
Appellant further distinguishes this case on the basis that here that the state had more specific information as to the times and dates of the crimes but failed to disclose them. However, there is nothing in the record to establish that the prosecution had more specific information prior to trial than what was disclosed.
At trial, the victim testified that she lived with appellant during the 1997-1998 and 1998-1999 school years and that she was molested one day when she stayed home sick from school. Appellant denied the event happened. The prosecution was able to produce school records at the hearing on appellant's motion for acquittal or new trial that indicated the days the victim was home sick from school. This information became the basis for extending the time frame in the complaint. Appellant asserts that the state could have investigated the school records prior to trial and alleged a larger time frame from the beginning of the prosecution. However, appellant has failed to cite to any case which holds that the prosecution had an obligation to investigate the school records prior to trial so that it could inform appellant of a more accurate time frame for the alleged crime. Since the date of the crime was not an essential element of the crime, the indictment was not deficient. Appellant was aware of the alleged conduct and circumstances and could have prepared his defense accordingly. Clearly, he chose to rely upon the time frame alleged in the indictment as a tactical move.
Appellant also contends that the court should have dismissed the indictment in this case, relying upon our holding in State v. Turner,supra. However, appellant erroneously states that the Turner case held that an indictment should not be amended to change the date of the crime where the state deliberately withheld the date and time of the offense. Instead, the Turner case held that the indictment should be dismissed when the state deliberately withholds specific information and the defendant suffered some material prejudice to his defense, i.e., where he filed notice of his intent to assert an alibi defense but was unable to prepare his defense because of the lack of specificity. In this case, appellant never asserted an alibi defense prior to trial or in any of his motions for acquittal or his motion for a new trial. He claims only that he was unable to investigate to determine whether he could raise an alibi defense. Appellant also did not take any action to avoid prejudice in this case, such as requesting a continuance in order to investigate the possibility of an alibi defense or reopening his case to question the victim about the amended dates of the crime.
Appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that he was denied his Sixth Amendment Right to Effective Assistance of Counsel. He argues that his counsel rendered ineffective assistance by failing to reopen appellant's case after the indictment was amended and by failing to timely file his motion for acquittal or new trial.
To establish a claim of ineffective assistance of appointed counsel, the defendant must show that his counsel's representation "fell below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." Strickland v. Washington
(1984), 466 U.S. 668, and State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1989),497 U.S. 1011.
With regard to the decision not to reopen the defense's case and to proceed with an appeal on the issue of the propriety of amending the indictment, we find that this was a reasonable tactical move. Such actions cannot be the basis for a claim of ineffective assistance of counsel. See State v. Gowdy (2000), 88 Ohio St.3d 387, 396, and State v.Mason (1998), 82 Ohio St.3d 144, 157. With respect to the late filing of the motion for acquittal or for a new trial, we find that appellant has failed to demonstrate that he was prejudiced by this action. While the court noted that the motion was untimely, and also denied it on that basis, the court did address and deny the motion on its merits as well.
Therefore, we find appellant's second assignment of error not well-taken.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
 ________________________ Peter M. Handwork, JUDGE
Melvin L. Resnick, J. and Mark L. Pietrykowski, P.J. CONCUR.