OPINION
{¶ 1} Ashton Bret Muth, appellant, a minor, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in which the court adjudicated him delinquent for having committed an act that, if committed by an adult, would have constituted gross sexual imposition, in violation of R.C. 2907.05(A)(4), a third-degree felony.
 {¶ 2} Appellant, who was 13 years old at the time of the offense in question, lived with his legal custodian and grandmother, Joyce Muth. Her granddaughter, KM, who was three years old at the time of the offense in question, visited her grandmother's house several times in May and June 2003. Toward the end of June 2003, KM began to resist going to her grandmother's house, and her mother, Erin Muth, noticed some changes in her, including bed-wetting and fear of the dark. Erin had KM evaluated at Columbus Children's Hospital. In November 2003, KM told one of the evaluators that appellant had touched her vagina on two occasions, once applying petroleum jelly to her vagina and once putting his hand inside her vagina.
 {¶ 3} Law enforcement authorities began an investigation, and appellant admitted orally and in a written statement that he touched KM's vagina on two occasions. On June 23, 2004, a complaint was filed alleging appellant had committed four offenses that, if he had been an adult, would have constituted gross sexual imposition. The first offense related to an incident that occurred on an unknown date in May or June 2003, in which appellant applied petroleum jelly to KM's vaginal area. The second offense related to an incident that occurred on an unknown date in May or June 2003, in which appellant touched KM's vaginal area outside her underwear while playing marbles. The third offense related to an incident that occurred on an unknown date in May or June 2003, in which appellant placed his hand inside KM's underwear and touched her vagina. The fourth offense related to an incident that occurred on an unknown date in May or June 2003, in which appellant brushed his finger over KM's vaginal area outside her panties without her knowledge. A complaint containing the same allegations had been previously filed, except the offenses were alleged to have occurred in July 2003. That complaint was dismissed after appellant filed a notice of alibi that showed he was visiting his mother in Alabama for the month of July 2003.
 {¶ 4} An adjudicatory hearing was held before a magistrate on November 16, 2004, at which several witnesses testified, including KM. The magistrate eventually dismissed the first, second, and fourth offenses, and filed a decision in which he adjudicated appellant delinquent based on the third offense of gross sexual imposition. The magistrate ordered that appellant be placed on probation, pay $300 in restitution, and work 60 hours of community service. Appellant filed an objection to the magistrate's decision, as well as a later supplemental objection. On March 25, 2004, the trial court filed a decision and entry sustaining the magistrate's decision and overruling appellant's objection. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
The Trial Court erred in finding the alleged delinquent minor guilty of gross sexual imposition as the evidence did not support a finding beyond a reasonable doubt.
 {¶ 5} Appellant asserts in his assignment of error that the trial court erred in finding him delinquent for having committed, if an adult, gross sexual imposition because the evidence did not support a finding beyond a reasonable doubt. Although appellant's arguments are narrowed to only two specific issues, he basically contends the trial court's decision was against the manifest weight of the evidence. Our function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. In order to undertake this review, we must sit as a "thirteenth juror" and review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. Id., citing State v. Martin (1983),20 Ohio App.3d 172, 175. If we find that the fact finder clearly lost its way, we must reverse the conviction and order a new trial. Id. On the other hand, we will not reverse a conviction so long as the state presented substantial evidence for a reasonable trier of fact to conclude that all of the essential elements of the offense were established beyond a reasonable doubt. State v.Getsy (1998), 84 Ohio St.3d 180, 193-194; State v. Eley
(1978), 56 Ohio St.2d 169, syllabus. In conducting our review, we are guided by the presumption that the jury "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 6} R.C. 2907.05, gross sexual imposition, provides, in pertinent part:
(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
* * *
(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
 {¶ 7} In the present case, appellant presents two specific arguments. Appellant first asserts he was prejudiced because the state failed to prove when the incident in question occurred, and he may have been able to present an alibi had he known when the incident allegedly occurred. He stated it was impossible to serve upon the state a notice in writing of his intention to claim an alibi, pursuant to Crim.R. 12.1, because the state failed to allege the precise date upon which the incident took place. However, we find appellant's arguments unpersuasive. Specificity as to the time and date of an offense is not required in an indictment. State v. Brown, Delaware App. No. 2005CAA01002,2005-Ohio-5639, at ¶ 46. Likewise, impreciseness and inexactitude of the evidence at trial is not "per se impermissible or necessarily fatal to a prosecution." State v. Robinette (Feb. 27, 1987), Morrow App. No. CA-652. The question in such cases is whether the inexactitude of temporal information truly prejudices the accused's ability to fairly defend himself. State v.Sellards (1985), 17 Ohio St.3d 169; State v. Gingell (1982),7 Ohio App.3d 364, 368; State v. Kinney (1987),35 Ohio App.3d 84.
 {¶ 8} In cases of child abuse, the question of prejudice often arises because the victim-witness is of a tender age and does not have the temporal memory of an adult and has problems remembering exact times. Brown, at ¶ 49. In Robinette, supra, the Fifth District Court of Appeals stated, with regard to child abuse cases:
We note that these particular cases often make it more difficult to ascertain specific dates. The victims are young children who may reasonably be unable to remember exact times and dates of psychologically traumatic sexual abuses. This is especially true where the crimes involve several instances of abuse spread out over an extended period of time. State v.Humfleet (Sept. 9, 1985), Clermont App. No. CA84-04-031, unreported, at 15. The problem is compounded where the accused and the victim are related or reside in the same household, situations which often facilitate an extended period of abuse. An allowance for reasonableness and inexactitude must be made for such cases considering the circumstances.
 {¶ 9} In Sellards, the Ohio Supreme Court cited the following two examples of when the failure to provide specific dates and times could be prejudicial to the accused: when the age of the victim is an element of the crime with which the accused had been charged and the victim borders on the age required for such charge; and when the accused has been imprisoned or was indisputably elsewhere during part but not all of the intervals of time set out in the indictment. The Sellards court further noted that, in that case, the record did not indicate that the failure to provide the accused with a specific date was a material detriment to the preparation of his defense. Id. In this regard, the court found that, while the defendant claimed on appeal that the inexactitude of the indictment and bill of particulars as to date denied him the ability to present an alibi defense, he never filed a notice of intent to rely on an alibi as required by Crim.R. 12.1. Id.
 {¶ 10} This court has reached the same conclusions as the above authorities. We have similarly found that, in cases involving sexual misconduct with a child, the precise times and dates of the alleged offense or offenses oftentimes cannot be determined with specificity. See State v. Draughon, Franklin App. No. 02AP-895, 2004-Ohio-320, at ¶ 87, citing State v.Daniel (1994), 97 Ohio App.3d 548, 556, citing State v.Barnecut (1988), 44 Ohio App.3d 149. The victims are frequently children of tender years who are simply unable to remember exact dates and times. Id., citing State v. Mundy (1994),99 Ohio App.3d 275, 296, citing Barnecut. In such cases, we have noted, setting forth a time frame in the indictment and charging the defendant with offenses that reasonably fall within that time frame are sufficient. Daniel, at 557. In addition, we have found that the failure to file a notice of intent to rely upon an alibi, as required by Crim.R. 12.1, mitigates against the argument that the lack of specificity regarding dates and times was a material detriment to the preparation of his defense. SeeState v. McGilton (July 23, 1996), Franklin App. No. 96APA01-21.
 {¶ 11} In the present case, although the age of KM was an element of the crime under R.C. 2907.05(A)(4), there is no dispute that KM's age at the time of the offense would have been well below 13 years. Further, the record in this case does not demonstrate that the failure to provide appellant with a specific date of the incident was a material detriment to the preparation of his defense. Although he claims he may have had a valid alibi because he may have been at school or because he left the state at the end of June 2003, appellant never filed a notice of intent to rely on an alibi, as required by Crim.R. 12.1. Appellant also never requested a bill of particulars, which would require the state to provide specific dates and times, and he never objected to proceeding with his defense at any point. Further, even if appellant had filed a notice of alibi, the record does not establish material prejudice, as there was sufficient evidence presented through KM, Joyce Muth, and Erin Muth to prove that the incident occurred during a period in May or June when appellant was at his grandmother's Ohio home and, thus, not out of Ohio or at school. See McGilton (no material prejudice because the evidence was sufficient to prove that the rapes occurred during a period when the defendant was at the victim's home and, thus, not out of the state). Joyce Muth testified that KM played with appellant at her house during May 2003. Erin testified that she dropped KM off at her grandmother's house three or four times during May 2003, and that KM spent the night there once in June 2003. Under these circumstances, we cannot find appellant suffered any prejudice by the imprecise date and time of the offense for which appellant was found to be delinquent.
 {¶ 12} Appellant's second specific argument is that the state's medical forensic interviewer, Ann Harr, testified KM told her the sexual contact occurred in the grandmother's living room, but KM testified on direct examination the incident occurred in appellant's bedroom. At the hearing, KM testified that appellant touched her "vaginas" and "privates" while they were in appellant's bedroom. She stated he put his hand right on her skin. Harr, a medical forensic interviewer at the child assessment center at Children's Hospital, testified that KM told her on one of two occasions when appellant touched her vaginal area, appellant got her out of bed and they went to the living room where appellant put his hand under her clothing in her vaginal area. KM also related an incident to Harr that appellant had touched her at her grandmother's house when he put his fingers between her legs, although she did not specify where this incident took place.
 {¶ 13} We agree there existed an apparent discrepancy in KM's recounting of precisely where the offense took place. Although the magistrate did not indicate at which location he believed the incident in question occurred, the magistrate apparently found the testimony of either KM or Harr, or both, convincing that the incident, in fact, took place. Though such a discrepancy could raise an issue as to the reliability of KM's memory, the magistrate apparently believed KM that the incident happened somewhere in the grandmother's house. The magistrate, as the trier of fact, was in the best position to view the credibility of the witnesses. Whether the incident occurred in one room or the other is largely irrelevant, as long as the magistrate believed, based on the testimony and evidence presented at trial, that the sexual contact, as alleged in the complaint, occurred.
 {¶ 14} After a review of the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we find the magistrate did not clearly lose his way and create a manifest miscarriage of justice. We find no reason to disturb his opinion as to the credibility of the witnesses. The state presented substantial evidence for a reasonable trier of fact to conclude that appellant had sexual contact with KM, who was less than 13 years of age. Therefore, appellant's assignment of error is overruled.
 {¶ 15} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
Klatt, P.J., and Petree, J., concur.