DECISION. *Page 2 
{¶ 1} Defendant-appellant Levon Millow appeals from the Hamilton County Common Pleas Court's judgment denying his motion to vacate his sentences. We hold that the court erred in denying the motion because the court, in sentencing Millow, had failed to advise him about post-release control.
 {¶ 2} In 2000, a jury found Millow guilty of three counts of rape and a single count of gross sexual imposition. The court sentenced him to consecutive prison terms of life for the three rapes and of 18 months for gross sexual imposition. He unsuccessfully appealed his convictions to this court and to the Ohio Supreme Court.[1] And in 2005, he unsuccessfully moved for resentencing consistent with R.C. 2929.14 and the United States Supreme Court's decisions in Apprendi v. NewJersey[2] and Blakely v. Washington.[3]
 {¶ 3} In August of 2006, Millow filed a "Motion to Vacate Sentence Pursuant to State v. Jordan * * * and State v. Barnecut * * *." In his motion, he cited the Ohio Supreme Court's 2004 decision in State v.Jordan[4] in support of his assertion that his sentence was void because the trial court had failed to inform him, either at his sentencing hearing or in the judgment of conviction, that he was subject to post-release control after his release from prison. He also cited the Fifth Appellate District's 1988 decision in State v. Barnecut[5] to argue that the trial court had "lacked subject matter jurisdiction" to convict him "using evidence of criminal misconduct that was never presented to the grand jury and not charged in the indictment." The common pleas court overruled the motion, and this appeal followed. *Page 3 
 I. Late Postconviction Claim {¶ 4} Millow presents on appeal two assignments of error. In his first assignment of error, he contends that the common pleas court erred in overruling his motion's second claim, predicated upon State v.Barnecut, that his convictions had been based upon testimony concerning unlawful conduct not charged in the indictment. This contention is untenable.
 {¶ 5} In his motion, Millow did not designate the statute or rule under which he sought relief. R.C. 2953.21 et seq., which govern the proceedings upon a postconviction petition, provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case."[6] Thus, the common pleas court, faced with this collateral attack upon his convictions, should have reviewed this claim under the standards provided by R.C. 2953.21 et seq.[7]
 {¶ 6} A common pleas court has jurisdiction to entertain a postconviction claim only if the petitioner satisfies either the time strictures of R.C. 2953.21 or the jurisdictional requirements of R.C.2953.23. R.C. 2953.21(A)(2) requires a postconviction petitioner to file his petition "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * * ." R.C. 2953.23
closely circumscribes the common pleas court's jurisdiction to entertain a tardy postconviction claim: The petitioner must show either that he was unavoidably prevented from discovering the facts upon which the claim depends, or that the claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States *Page 4 
Supreme Court since the expiration of the prescribed time. And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty."[8]
 {¶ 7} Millow filed his motion well after the time prescribed by R.C.2953.21(A)(2). And the record failed to demonstrate either that Millow had been unavoidably prevented from discovering the facts underlying his claim, or that his claim was predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the prescribed time had expired. We, therefore, hold that the common pleas court had no jurisdiction to entertain Millow's second claim. Accordingly, we overrule the first assignment of error.
 II. Post-Release Control {¶ 8} In his second assignment of error, Millow contends that the common pleas court erred in overruling his motion's first claim, that his sentences were void because the court had failed to advise him concerning post-release control. The state concedes as much, and we agree.
 {¶ 9} A trial court has jurisdiction to correct a void judgment.[9]
Millow's sentences were void because the common pleas court failed to notify him at sentencing and in the judgment of conviction that he was subject to post-release control.[10] Therefore, the common pleas court erred when it overruled Millow's motion to vacate his sentences to the extent of the motion's challenge to the court's failure to advise him concerning post-release control. *Page 5 
 {¶ 10} Accordingly, we sustain the second assignment of error, vacate the sentences, and remand this case for resentencing in accordance with the law and this decision.[11]
Sentences vacated and cause remanded.
PAINTER, P.J., SUNDERMANN and HENDON, JJ.
[1] See State v. Millow (June 15, 2001), 1st Dist. Nos. C-000524 and C-000510, discretionary appeal not allowed (2001), 93 Ohio St.3d 1446,756 N.E.2d 111.
[2] (2000), 530 U.S. 466, 120 S.Ct. 2348.
[3] (2004), 542 U.S. 296, 124 S.Ct. 2531; see State v. Millow (May 31, 2006), 1st Dist. No. C-050459.
[4] 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864.
[5] (1988), 44 Ohio App.3d 149, 542 N.E.2d 353.
[6] R.C. 2953.21(J).
[7] See State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993,773 N.E.2d 522, at ¶ 10.
[8] R.C. 2953.23(A)(1).
[9] See State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263, at ¶ 18-19.
[10] See State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864, syllabus.
[11] See id.; accord State v. Bankhead, 1st Dist. No. C-060480,2007-Ohio-1314. *Page 1