OPINION
[¶ 1] Defendant-appellant Clemente Alicea appeals after a jury found him guilty of rape of a child under the age of thirteen with a force specification and the Mahoning County Common Pleas Court sentenced him to a mandatory life term in prison and labeled him a sexual predator. The issues in this appeal concern a lack of specific dates in the indictment or bill of particulars, sufficiency and weight of the evidence regarding perpetration and penetration, assistance of counsel, and sufficiency of the evidence concerning the sexual predator label. For the following reasons, appellant's assignments of error are without merit, and the trial court's decisions are affirmed.
 STATEMENT OF FACTS [¶ 2] In November 1997, appellant was indicted on three counts of rape for repeatedly raping his young step-daughter (d.o.b. February 27, 1989). The indictment set forth January 1, 1996 through February 28, 1997 as the time period over which the rapes allegedly occurred. In January 1998, the court allowed the state to amend the indictment to specify that the three counts represented different types of rape, being oral, vaginal, and anal rape respectively.
[¶ 3] In August 1998, appellant filed a motion to dismiss the indictment for lack of specificity, claiming that he lacked notice of the elements because the state did not set forth specific dates, times, and places. The state responded that the victim did not provide specific dates as to each rape and noted that they filed a bill of particulars in January. The court overruled appellant's motion.
[¶ 4] In November 1998, the court allowed the state to amend the indictment again to expand the ending date of the time period over which the rapes occurred to April 30, 1997 based on a physician's entry which noted that the child mentioned April as possibly being the last time. The state pointed out that the defense had been previously provided with this document in discovery.
[¶ 5] A jury trial began on January 27, 1999 and ended on February 2, 1999, at which time appellant was acquitted of oral and anal rape but convicted of vaginal rape with a force specification. The next day, the court held a sexual predator/sentencing hearing, labeled appellant a sexual predator, and sentenced him to life in prison due to the force specification. Timely notice of appeal followed.
 ASSIGNMENT OF ERROR NUMBER ONE [¶ 6] Appellant's first assignment of error provides:
 [¶ 7] "THE TRIAL COURT ERRED BY SUSTAINING THE INDICTMENT AGAINST THE DEFENDANT-APPELLANT BECAUSE THE STATE WITHHELD SPECIFIC INFORMATION REGARDING DATES, TIMES AND PLACES OF SEXUAL CONDUCT THEREFORE CAUSING DEFENDANT-APPELLANT MATERIAL PREJUDICE AND DEPRIVING HIM OF HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS * * *."
 [¶ 8] A felony defendant is entitled to an indictment disclosing the nature and cause of the accusation, which requires the state to set forth the material facts constituting the elements of the offense in order to afford the defendant adequate notice and opportunity to defend.State v. Sellards (1985), 17 Ohio St.3d 169, 170. An indictment need not state the exact date and time where such are not elements of the offense. Id. at 170-171, citing R.C. 2941.05; 2941.08(C). In such cases, if the defendant seeks more details, he may file a request for a bill of particulars. Id., citing R.C. 2941.07. The statute defining a bill of particulars only requires "setting up specifically the nature of the offense charged," and a date deals with when the crime was committed not the nature of the crime. R.C. 2941.07; State v. Wells (Mar. 22, 2000), 7th Dist. No. 98JE3. Still, the Supreme Court has imposed an additional fairness rule which provides that the state must then supply specific dates and times regarding the offense where it possesses such information. Id.; Sellards, 17 Ohio St.3d at 171. Besides asking whether the state possessed the information, reviewing courts are to evaluate whether the lack of specific information caused a material detriment to the preparation of a defense. Sellards, 17 Ohio St.3d at 172.
[¶ 9] In Sellards, the defendant was indicted on multiple counts of sexual misconduct against children. The indictment and bill of particulars disclosed time periods spanning from one month to two month ranges for the date of each offense. At trial, three out of four victims were able to provide smaller time ranges, some providing exact dates. The state admitted that it came into possession of at least one more specific date the day before trial.
[¶ 10] The court of appeals reversed the conviction finding that the inexact dates in the bill of particulars deprived the defendant of his due process right to a fair trial. However, the Supreme Court disagreed and found that the lack of preciseness as to the dates in the bill of particulars was not fatal to the state's case and did not constitute a material detriment to the presentation of Sellards'
defense. Id. Additionally, in responding to the defendant's claim that the inexactitude of the dates denied him the ability to present an alibi defense, the Court stated that he never filed the required notice of intent to rely on an alibi. Id.
[¶ 11] In State v. Hensley (1991), 59 Ohio St.3d 136, the defendant was indicted on fifteen counts of sexual misconduct against six different children occurring between January 1, 1974 and November 30, 1987. He moved to dismiss the indictment and for a bill of particulars, complaining about the lack of specific dates and times. The trial court denied his motions. On appeal, he argued that he could not adequately present a defense since the indictment was vague as to dates and times and he did not receive a bill of particulars with more specific dates and times. The Supreme Court held that the defendant failed to show that the state possessed the information requested. Id. at 142. The Court also opined that the defendant failed to show that the information was material to any defense theory put forth at trial. Id.
[¶ 12] In State v. Daniel (1994), 97 Ohio App.3d 548, the Tenth Appellate District decided a case where the indictment and the bill of particulars spanned a date range of six weeks but where the trial testimony was more specific (but still not conclusive) as to dates. This court found that although the state possessed some more specific information, the defendant failed to demonstrate material detriment to his defense. Id. at 556-557. The court focused on the fact that the defendant admitted that he frequently had one-on-one contact with the victim during the time range. Id at 558. The court also noted that it is well-established that precise dates are hard to determine and not required in child sexual abuse cases, especially where the abuse occurs over a period of time and finding where defendant admitted that he spent frequent time alone with the victim during the time period alleged. Id.
[¶ 13] In State v. Gingell (1982), 7 Ohio App.3d 364, the First Appellate District was confronted with a case where the defendant was alleged to have committed three acts of rape against his eight-year-old step-daughter over a fourteen-month period. The court coined the phrase, "unavoidable inexctitude" and seems to be the case relied upon by the Supreme Court in making its Sellards' holdings. The court also concluded that exact dates were not critical to the defendant's defense because the sexual abuse was repeated and it was undisputed that he had frequent access to the victim. Id. at 368.
[¶ 14] In State v. Barnecut (1988), 44 Ohio App.3d 149, the Fifth Appellate District upheld a conviction where the defendant complained that he could not properly defend himself due to the one-year time range specified in the bill of particulars. That court noted, "Grafted upon the question of prejudice is a problem that cases of child abuse invariably present, i.e., a victim-witness who, due to tender years, does not have the temporal memory of an adult and has problems remembering times." Id. at 151. The court further stated, "The victims are young children who may reasonably be unable to remember exact times and dates of psychologically traumatic sexual abuses. This is especially true where the crimes involve several instances of abuse spread out over an extended period of time." Id. at 151-152; citing similar cases from various states. See, also,State v. Stepp (1997), 117 Ohio App.3d 561, 566 (Fourth Appellate District).
[¶ 15] Moving to the application of these cases to the facts of this case, appellant contends that the victim's testimony at trial established that the state possessed information on the specific dates, times, and places relevant to the alleged rapes. Appellant also points to the opening statement where the prosecutor noted that the rapes began around the victim's seventh birthday. Appellant further contends that he was materially prejudiced by the state's withholding of this information as he was unable to conduct a proper cross-examination or prepare a complete defense of alibi. Appellant concludes that his objection at trial on these grounds was improperly overruled. Although the court granted a short continuance and offered an investigator at state expense over the weekend, appellant argues that the court should have precluded the victim's testimony, declared a mistrial, or granted a larger continuance.
[¶ 16] In responding to any date surrounding the alleged anal rape, the victim testified to a time before her birthday in 1997 or a few days before appellant married her mother, which the mother later testified was February 7, 1997. (Tr. 54, 292). The mother also testified that appellant was not living with the victim from early January 1997 until February 4, 1997. (Tr. 292). The jury found appellant not guilty of this rape (and the oral rape); hence, the lack of these specific dates in the bill of particulars cannot be deemed prejudicial on appeal.
[¶ 17] As for the other alleged rape incidents, contrary to appellant's argument on appeal, the child-victim did not testify as to specific dates. She claimed that appellant vaginally raped her eleven to twelve times. (Tr. 45). When testifying about the first rape incident in 1996, she said it was cold out and getting close to February, mentioning that her birthday was in February. (Tr. 25, 40). The start date of the rapes in the state's disclosure is January 1, 1996, which is not inconsistent with the victim's testimony. As for the end date, this date was disclosed in the amended bill of particulars when the state mentioned that the notes of the victim's physician reference April 1997 as the last time.
[¶ 18] In any event, the state did not have specific dates from the victim. In fact, most of the victim's attempts to give reference points, such as her birthday, Easter, or the opening of the family's pool, were the product of cross-examination, which actually produced conflicting answers and further demonstrated the inability to get exact dates or even general reference points from the young victim. (Tr. 95-100). The victim's testimony was generalized and each generalization was within the time range specified by the state in the indictment and bill of particulars.
[¶ 19] As aforementioned, appellant alleges that his alibi defense was impaired by the lack of more specificity. However, in studying the application of Supreme Court case law to the facts of those cases, it appears to this court that appellant has not demonstrated a material detriment to his defense. The victim alleged the appellant vaginally raped her eleven to twelve times. She is a sexual abuse victim of tender age. Appellant lived with the victim during the entire sixteen-month time period specified by the state, minus a few weeks in early 1997. As the cases point out, the more times the sexual abuse occurred and the longer the span between the first and the last, the harder it is for the state to obtain smaller date ranges from the child-victim and the less prejudice there is to any attempted alibi defense by the accused, especially where the accused lives with the victim or otherwise has admitted frequent time alone with the victim.
[¶ 20] The bill of particulars states that the location of the offenses was at appellant's residence at 29 Morley Avenue in Campbell, Ohio and even specified the places within the house where the rapes occurred. Moreover, the bill of particulars disclosed that the rapes occurred at the following times: while the mother was out of the house running errands, etc.; when appellant would send the other children out of the house or the children would already be outside of the house; and after the victim came home from school.
[¶ 21] In addition, the lack of a notice of alibi filed as required by Crim.R. 12.1 and R.C. 2945.58 has precluded defendants from arguing that their alibi defense was ruined by the large date ranges provided in the state's bill of particulars. Sellards,17 Ohio St.3d at 172; Wells, 7th Dist. No. 98JE3; State v. Clashman (Feb. 26, 1999), 7th Dist. No. 97JE8. Yet, the trial court herein was forgiving. The court instructed the defense to use the information obtained from the victim on the stand over the weekend and try to construct a defense around it. The court offered the free services of an investigator and advised counsel that he could present any witnesses, even those not on the witness list. In fact, he presented the testimony of his wife, the victim's own mother, to rebut the date ranges alluded to by the victim. (Tr. 287-294). The victim's credibility was thus tested by the defendant's evidence. Although appellant now states that the court should have granted a longer continuance, he did not request this remedy at the trial level. Thus, he waived the argument.
[¶ 22] For the foregoing reasons, we find that the child-victim of recurring rapes could not and need not present exact dates, the state was unable to present more specific dates to the defense, and in any event, the lack of narrower date ranges did not materially deter appellant's ability to defend himself. This assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO [¶ 23] Appellant's second assignment of error contends:
 [¶ 24] "THE TRIAL COURT DENIED APPELLANT DUE PROCESS UNDER THE FOURTEENTH AMENDMENT DUE TO THE FACT HE WAS FOUND GUILTY OF RAPE PURSUANT TO R.C. 2907.02(A)(1)(b)(B) WHEN SAID CONVICTION WAS NOT BASED UPON SUFFICIENT EVIDENCE DISPLAYING APPELLANT'S GUILT BEYOND A REASONABLE DOUBT AND THE JURY'S VERDICT WAS INCONSISTENT WITH THE EVIDENCE AND TESTIMONY PRESENTED AT TRIAL."
 [¶ 25] Under this assignment, appellant makes the following statements in his evaluation of the evidence: the jury found him not guilty of anal and oral rape but guilty of vaginal rape, and because the victim testified to all three types of rape, there are credibility problems with her testimony; the examining physician opined that the victim had been partially penetrated based on the diameter of the hymenal ring and the extreme thinness of part of the hymenal membrane; and the victim did not make any allegations until she went to live with her father, with whom she wished to remain. Appellant concludes that the state failed to prove that he was the perpetrator beyond a reasonable doubt and the verdict was against the manifest weight of the evidence.
[¶ 26] Sufficiency of the evidence and weight of the evidence are doctrines governed by different standards. State v. Thompkins (1997),78 Ohio St.3d 380, 386-87. Sufficiency is a question of law regarding adequacy of the evidence. Id. at 386. In deciding this question of law, we view the evidence in the light most favorable to the state and determine whether any rational trier of fact could find the essential elements beyond a reasonable doubt. State v. Goff (1998),82 Ohio St.3d 123, 138. The elements of the rape with which appellant was charged are contained in R.C. 2907.02(A)(1)(b), engaging in sexual conduct with another who is under the age of thirteen. Pursuant to R.C.2907.01(A), sexual conduct includes vaginal or anal intercourse including even the slightest penetration, fellatio or cunnilingus, and insertion, without privilege and however slight, of any body part, instrument, apparatus, or object into the vaginal or anal cavity.
[¶ 27] The victim testified as to the sexual conduct. She explained one instance by noting that appellant told her to go to his room, he told her to close her eyes, he removed her pants, she heard him unzip his pants, he leaned over, she felt his jeans on her leg, he put his privates inside of her, and she felt pain. The examining physician noted that her hymenal ring was dilated even without traction and that her membrane was extremely thin. He opined that the victim's hymen had been partially penetrated and that this could be caused by a penis. Under R.C. 2907.01(A), even the slightest penetration by a penis will constitute rape.
[¶ 28] Regardless, even the slightest insertion of any body part or object will constitute rape. Thus, for instance, if the perpetrator uses his finger rather than his penis, but the young victim, who has the perpetrator laying on top of her, mistakenly assumes the object inside of her causing her pain is the perpetrator's "private part," the act is still rape.
[¶ 29] The victim identified appellant, her step-father, as the perpetrator. It is undisputed that the victim was less than thirteen years of age, as the time period spanned all of her seventh year and a bit of her sixth and eighth years. A rational juror could find that the elements of rape were proven beyond a reasonable doubt. As such, the state presented sufficient evidence of rape.[1]
 [¶ 30] Weight of the evidence deals with the inclination of the greater amount of credible evidence to support one side of the issue over the other. Thompkins, 78 Ohio St.3d at 387. Reversing based on a determination that the verdict is against the manifest weight of the evidence requires this court to sit as the "thirteenth juror," which we are not permitted to do unless a unanimous panel is satisfied that the true jury clearly lost its way and created a manifest miscarriage of justice. Id. at 387, 389. When there exists two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one should be believed. State v. Gore (1999), 131 Ohio App.3d 197, 201.
[¶ 31] The jury was able to view the demeanor, voice inflections, and gestures of the witnesses testifying before it. Seasons Coal Co. v.Cleveland (1994), 10 Ohio St.3d 77, 80. Hence, the jury was in the best position to weigh the evidence and judge the credibility of witnesses.State v. DeHass (1967), 10 Ohio St.2d 230, 231. The jury believed that appellant raped the victim. Contrary to appellant's suggestion, the fact that appellant was acquitted of anally and orally raping the victim one time each does not necessitate a conclusion that the vaginal penetration conviction is against the manifest weight of the evidence. As aforementioned, the physician diagnosed the child as having been partially penetrated, the physician stated that the partial penetration could have been caused by a penis, the child testified that she was vaginally penetrated by appellant eleven or twelve times in just over a one-year period, and finally, as aforementioned, even if the victim mistakenly believed that appellant placed his penis inside of her, insertion of a finger or any other object still constitutes rape. The fact that she did not tell anyone for a while or that she wanted to live with her father instead of her mother does not make her testimony incredible. The jury verdict is not against the manifest weight of the evidence. This assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER THREE [¶ 32] Appellant's third assignment of error alleges:
 [¶ 33] "THE APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE IN HIS REPRESENTATION OF APPELLANT BY FAILING TO INVESTIGATE AND PRESENT AN ALIBI DEFENSE FOR TRIAL AND PRECLUDING APPELLANT FROM TESTIFYING IN HIS OWN DEFENSE * * *."
 [¶ 34] Appellant argues that counsel's performance was deficient and that it is reasonably probable that this deficiency was outcome determinative as per Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. Specifically, he claims that his attorney refused to allow him to testify at trial in his own defense. He also claims that his attorney failed to investigate, interview, and call witnesses to testify as to his whereabouts and thus provide him with an alibi defense. He says that he provided his attorney with a list of witnesses who would testify as to his whereabouts on various dates and times.
[¶ 35] The arguments presented under this assignment of error cannot be addressed by this court on direct appeal. See, e.g., State v.Hartman (2001), 93 Ohio St.3d 274, 299 (stating that if establishing ineffective assistance of counsel requires proof outside the record, then such claim is not appropriately considered on direct appeal); State v.Carter (2000), 89 Ohio St.3d 593, 606 (noting that to establish ineffective assistance of counsel for failing to order an MRI would require proof outside the record which is not appropriately considered in a direct appeal); State v. Peagler (1996), 76 Ohio St.3d 496, 499
(holding that the appellate court addressing a direct appeal must base factual and legal conclusions on evidence that has been made a part of the record); State v. Ishmail (1978), 54 Ohio St.2d 402, 406 (noting that the appellate court is limited to what transpired as reflected by the record on direct appeal). We are bound by the record on direct appeal. The matters herein alleged require proof outside of the record. As such, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER FOUR [¶ 36] Appellant's fourth and final assignment of error contends:
 [¶ 37] "THE EVIDENCE PRESENTED AT DEFENDANT-APPELLANT'S SEXUAL PREDATOR DETERMINATION HEARING IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE DEFENDANT-APPELLANT IS LIKELY TO ENGAGE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES * * *."
 [¶ 38] The standard of proof in sexual predator cases is clear and convincing evidence. R.C. 2950.09(C)(2). Clear and convincing evidence is the measure of proof which will produce in the mind of the trier of fact a firm belief as to the allegations sought to be established. State v.Eppinger (2001), 91 Ohio St.3d 158, 164. It is the intermediate level of proof between preponderance of the evidence and beyond a reasonable doubt. Id. In reviewing the record to determine whether there was sufficient evidence to satisfy the requisite burden of proof, an appellate court shall not substitute its judgment for that of the trial court where there exists competent, credible evidence supporting the determination. In re Mental Illness of Thomas (1996), 108 Ohio App.3d 697,700, citing State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
[¶ 39] A sexual predator is one who has been convicted of a sexually oriented offense and is likely to commit a sexual oriented offense in the future. R.C. 2950.01(E). Here, appellant was convicted of the sexually oriented offense of rape, and thus, the remaining issue is recidivism. In determining whether an offender is likely to commit a future sexually oriented offense, the trial court considers all relevant factors, including but not limited to those set forth in R.C.2950.09(B)(2). Those factors are as follows: (a) offender's age; (b) offender's criminal record; (c) victim's age; (d) existence of multiple victims; (e) use of drugs or alcohol to impair victim; (f) completion of any prior sentences or participation in any prior sexual offender programs; (g) offender's infliction with mental illness or mental disability; (h) nature of contact with victim and demonstrated pattern of abuse; (i) offender's display or threat of cruelty; and (j) any additional behavioral characteristics contributing to the conduct.
[¶ 40] Appellant contends that there is not sufficient evidence to find him likely to commit future sexually oriented offenses by clear and convincing evidence. Appellant also complains that the prosecution reintroduced trial testimony at the sexual predator hearing by asking the court to consider such.
[¶ 41] Addressing appellant's latter argument first, we note that the court can consider trial testimony in making a sexual predator determination where that court recently presided at the trial. Eppinger,91 Ohio St.3d at 166 (noting that the state can review the portions of the trial testimony relevant to the sexual predator factors and that the court who recently tried the case "may not need to actually review the record"); State v. Maple, 4th Dist. No. 01CA2605, 2002-Ohio-1595, ¶ 21, 24-25 (noting there is only a plain error review where defendant did not object to state's incorporation of trial testimony, pointing out that the defendant did not present any evidence, and holding that it is not error for the court that just heard the trial testimony to remember it and consider it); State v. Rhodes, 7th Dist. No. 99BA62, 2002-Ohio-1572, ¶ 36; State v. Jennings (Sept. 13, 2001), 10th Dist. No. 00AP-1283, citing State v. Lewis (May 9, 2000), 10th Dist. No. 99AP-752. Hence, appellant's complaint about the state incorporating trial testimony into the sexual predator hearing by reference is without merit. See, also,State v. Jones (July 6, 2000), 8th Dist. No. 76222; State v. Malin (Dec. 30, 1998), 9th Dist. No. 97CA006898 (both noting the use of this procedure).
[¶ 42] After applying the factors to the evidence outlined by the state and the court at the sexual predator hearing, we hold that the trial court had before it sufficient evidence from which it could find appellant to be a sexual predator by clear and convincing evidence. The trial court delineated its application of the factors at the hearing and in its judgment entry. We shall now review the factors of R.C.2950.09(B)(2)(a)-(j) in order.
[¶ 43] Appellant was approximately twenty-seven years old at the time of the offense and was twenty-nine at the time of the hearing. His criminal record consisted of aggravated arson, which is a first degree felony, and carrying a concealed weapon, which is a first degree misdemeanor. The victim was mostly seven years old at the time of the rapes and nine years old at the time of the hearing. The offense did not involve multiple victims. No substances were used to impair the victim. The defendant did not serve time for the prior arson charge and did not participate in any prior sexual offender programs. There is no evidence that appellant is mentally ill or mentally disabled. The nature of the offense is severe as there was conviction of a force specification, appellant was the victim's step-father, and the rapes occurred on multiple occasions for just over a one year period, which establishes a demonstrated pattern of abuse. The court found that appellant displayed cruelty by threatening the victim and forcing her to submit. The court concluded that the rape of a step-daughter of such tender years repeatedly demonstrates propensity to commit these types of crimes.
[¶ 44] In weighing the relevant factors which lean in favor of appellant and against him, a firm conviction is impressed upon one's mind that appellant is likely to commit a sexually oriented offense in the future. There was sufficient evidence before the court to establish appellant's sexual predator status by clear and convincing evidence. Therefore, this assignment of error is overruled.
[¶ 45] For the foregoing reasons, appellant's conviction and sexual predator label are hereby affirmed.
Judgment affirmed.
Donofrio and Waite, JJ., concur.
[1] We note that there is no issue surrounding the force specification. Under R.C. 2907.02(B), a person who has sexual conduct with a child under thirteen in violation of R.C. 2907.02(A)(1)(b) shall be sentenced to life in prison if that person purposely compelled the victim to submit by force or threat of force. The Supreme Court has held that a person in a position of authority over a child under thirteen may be convicted of rape with a force specification even without evidence of express threat of harm or evidence of significant physical restraint.State v. Dye (1998), 82 Ohio St.3d 323 (where the victim's mother left the victim at the defendant-caregiver's house and told the victim to mind the defendant, the defendant directed the victim to perform certain acts, and the defendant instructed the victim not to tell anyone).