DECISION AND JUDGMENT ENTRY
{¶ 1} Rex L. Hill appeals his conviction by the Washington County Court of Common Pleas for six counts of rape, a violation of R.C.2907.02(A)(1)(b), and three counts of corruption of a minor, a violation of R.C. 2907.04. He asserts that the trial court made various errors in sentencing him. Because we find that the trial court only erred in imposing consecutive sentences, we agree in part and disagree in part. Hill also argues that the indictment's inexactitude as to the dates and times of the offense prejudiced his ability to defend himself. Because we find that Hill has failed to meet his burden of showing that the inexactitude of the indictment prejudiced his defense, we disagree. Hill next argues that the trial court erred in permitting the state to amend certain counts of the indictment. Because we find that the amendments did not change the name or identity of the offense, we disagree. Hill then argues that his trial counsel was ineffective. Because we find that Hill has suffered no prejudice by his counsel's failure to object or request particular sentencing, we disagree. Lastly, Hill argues that his convictions are against the manifest weight of the evidence. Because we find that the jury did not lose its way and create a manifest miscarriage of justice in determining credibility, we disagree. Accordingly, we affirm in part and reverse in part the judgment of the trial court. We remand this case to the trial court for the sole purpose of reevaluating whether the sentences should be served consecutively.
 I. {¶ 2} The grand jury issued two separate indictments against Hill, which the trial court tried jointly.
 {¶ 3} In case 00-CR-60, the Grand Jury indicted Hill for two counts of rape and two counts of corruption of a minor. Count one alleged that he raped Jane Doe #1 on or about "Fall, 1999" in violation of R.C.2907.02(A)(1)(b). Count two alleged that Hill raped Jane Doe #1 on or about March 9, 2000. Count three alleged that Hill corrupted a minor, Jane Doe #2, on or about "January 3, 1996 through January 3, 2000[.]" Count four alleged that Hill corrupted a minor, Jane Doe #2, on or about "January 3, 1996 through January 3, 2000."
 {¶ 4} In case 01-CR-20, the grand jury indicted on twenty-eight additional charges, twelve corruption of a minor charges and sixteen rape charges. Counts one through twelve alleged that Hill was guilty of corruption of a minor (Jane Doe #2), which occurred "on or about an unspecified date between January 3, 1997 and September 30, 1999." Counts thirteen through fifteen alleged that Hill had raped Jane Doe #2 "on or about an unspecified date between August 1, 1994 and June 20, 1996." Counts sixteen through 18 alleged that Hill had raped Jane Doe #2 "on or about an unspecified date between July 1, 1996 and January 3, 1997." Count nineteen alleged that Hill had raped Jane Doe #1 "on or about an unspecified date between December 28, 1999 and February 28, 2000." Counts twenty and twenty-one alleged that Hill had raped Jane Doe #1 "on or about an unspecified date between January 1, 1999 and November 30, 1999." Count twenty-two through twenty-five alleged that Hill had raped Jane Doe #1 "on or about an unspecified date between March 1, 1998 and February 28, 2000." Counts twenty-six and twenty-seven alleged that Hill had raped Jane Doe #1 "on or about an unspecified date between January 1, 2000 and March 4, 2000." Count twenty-eight alleged that Hill had raped Jane Doe #1 "on or about March 4, 2000."
 {¶ 5} The trial court ordered cases 00-CR-60 and 01-CR-20 joined for purposes of trial.
 {¶ 6} In May 2000, Hill filed a motion for a bill of particulars and a notice of alibi. His notice of alibi stated that he would provide specific information as to where he was when the State responds to his motion for a bill of particulars.
 {¶ 7} The trial court dismissed counts three and four in case 00-CR-60. The trial court dismissed all but four of the corruption of a minor charges involving Jane Doe #2 and all but five of the rape charges involving Jane Doe #2 in the other case. Thus, only counts one and two of 00-CR-60 and counts one through four (corruption of a minor) and counts thirteen, fourteen, twenty-two, twenty-three and twenty-eight (rape) of case 01-CR-20 were considered by the jury. The trial court also granted the State's motion to amend the dates of counts thirteen and fourteen of the indictment in case 01-CR-20 to read "on or about between January 3, 1995 to January 3, 1997" to conform to the evidence.
 {¶ 8} The jury found Hill guilty on all the charges it considered except counts two and twenty-three of case 01-CR-20.
 {¶ 9} The trial court entered convictions for two counts of Rape in case 00-CR-60 and four counts of rape and three counts of corruption of a minor in case 01-CR-20.
 {¶ 10} Hill filed a notice of appeal before the trial court sentenced him. We determined that Hill prematurely filed the notice of appeal; however, once the trial court determined that Hill is a sexual predator and sentenced Hill on June 1, 2001, the appeal perfected.
 {¶ 11} In his appellate brief, Hill asserts seven assignments of error: "[I.] The trial court's imposition of maximum sentences is contrary to law and not supported by the record. Hence these sentences violated Mr. Hill's rights under R.C. §§ 2929.14(C) and 2929.19, and under the due process clauses of the Ohio and United States Constitutions. [II.] The trial court's imposition of consecutive sentences is contrary to law and not supported by the record. Hence, these sentences violated Mr. Hill's rights under R.C. § 21929.14(C), and under the due process clauses of the Ohio and United States Constitutions. [III.] The inexactitude of the indictment as to the dates of the offenses prejudiced Hill's ability fairly to defend himself and prejudiced Mr. Hill of his rights to Grand Jury presentment and to due process under the Ohio and United States Constitutions. [IV.] The trial court erred in permitting the State to amend the indictments after the close of the State's case and therefore deprived Mr. Hill of his right to indictment by a grand jury and to due process under the Ohio and United States Constitutions. [V.] The trial court erred in sentencing Mr. Hill on an insufficient verdict and deprived Mr. Hill of his rights to due process under the Ohio and United States Constitutions. [VI.] Mr. Hill was denied his rights to counsel and due process under the Ohio and United States Constitutions by his counsel's ineffective assistance. [VII.] The conviction is against the manifest weight of the evidence and therefore deprived Mr. Hill of his rights to due process under the Ohio and United States Constitutions."
 II. {¶ 12} We address Hill's first, second and fifth assignments of error together because they all deal with his sentences and the applicability of R.C. Chapter 2929 as amended by Am.Sub.S.B. 2. In his fifth assignment of error, Hill argues that the trial court erred in sentencing him under the sentencing provisions in effect before Am.Sub.S.B. 2 on counts thirteen and fourteen in case 01-CR-20. In his first assignment of error, Hill argues that the trial court erred in imposing maximum sentences for the seven counts that were subject to felony sentencing under R.C. Chapter 2929 as amended by Am.Sub.S.B. 2. He asserts that the trial court erroneously determined that he committed the worst form of the offenses. In his second assignment of error, Hill argues that the trial court erred in imposing consecutive sentences because it failed to make the findings required by R.C. 2929.14(E).
 A. {¶ 13} We begin by considering Hill's fifth assignment of errorregarding whether R.C. Chapter 2929 as amended by Am.Sub.S.B. 2. applies to his convictions. In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. State v. S.R.
(1992), 63 Ohio St.3d 590, 594. Under Ohio law, it is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent. In re Hayes (1997), 79 Ohio St.3d 46,48, citing S.R. at 594-595. In interpreting a statute, words and phrases shall be read in context and construed according to the rules of grammar and common usage. Independent Ins. Agents of Ohio, Inc. v. Fabe (1992),63 Ohio St.3d 310, 314; R.C. 1.42.
 {¶ 14} Section 5 of Am.Sub.S.B. 2 provides: "The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposed a term of imprisonment for an offense that was committed prior to that date.
 {¶ 15} "The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date."
 {¶ 16} In all counts except counts thirteen and fourteen of case 00-CR-20, the jury found that Hill committed the offenses on dates that occurred after July 1, 1996, therefore Chapter 2929 of the Revised Code as amended by Am.Sub.S.B. 2 applies to those counts. The jury found that Hill committed counts thirteen and fourteen between January 3, 1995 and January 3, 1997, but did not specifically find that Hill committed the crimes after July 1, 1996. Because the jury did not find that Hill committed counts thirteen and fourteen after July 1, 1996, Am.Sub.S.B. 2 by its plain language did not apply to them.
 {¶ 17} Hill asserts that the trial court should have submitted a jury interrogatory for the jury to resolve whether the offense happened before or after Am.Sub.S.B. 2's effective date. We reject this argument because Hill has provided no legal authority for this argument and our own research has yielded no results. See Hawley v. Ritley (1988),35 Ohio St.3d 157.
 {¶ 18} Thus, the trial court did not err by failing to apply amended R.C. Chapter 2929 in sentencing Hill on counts thirteen and fourteen. Accordingly, we reject Hill's fifth assignment of error.
 B. {¶ 19} We next consider Hill's first assignment of error with respect to the remaining convictions. In his first assignment of error, Hill argues that the trial court erred in imposing maximum sentences for the counts that were subject to felony sentencing under R.C. Chapter 2929 as amended by Am.Sub.S.B. 2. He asserts that the trial court erroneously determined that he committed the worst form of the offenses.
 {¶ 20} An offender may appeal as a matter of right a sentence that is contrary to law. R.C. 2953.08(A)(4). If a trial court fails to make the findings required by law in order to impose a sentence, the sentence is contrary to law. State v. Jones (2001), 93 Ohio St.3d 391, 399. We must not reverse a felony sentence unless we find, by clear and convincing evidence, that the sentence is unsupported by the record, or contrary to law. R.C. 2953.08(G)(1)(a) and (d).
 {¶ 21} R.C. 2929.14(C) establishes the public policy disfavoring maximum sentences except for the most deserving offenders. State v.Edmonson (1999), 86 Ohio St.3d 324, 328. R.C. 2929.14(C) prohibits a trial court from imposing the maximum term of imprisonment for an offense unless the trial court determines that the offender falls into one of four classifications. State v. Riggs (Sept. 13, 1999) Washington App. No. 98CA39, citing State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605. Maximum sentences are reserved for those offenders who: (1) have committed the worst forms of the offense; (2) pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. R.C. 2929.14(C).
 {¶ 22} R.C. 2929.19(B)(2)(d) requires a trial court to "make a finding that gives its reasons for selecting the sentence imposed" if the sentence is for the maximum term, and requires a trial court to set forth its reasons for imposing the maximum prison term. Edmonson at 328. See, also, Riggs; State v. Lenegar (Feb. 3, 1999), Vinton App. No. 98CA521.
 {¶ 23} Here the trial court found that Hill had committed the worst form of the offenses. At the sentencing hearing the trial court stated: "The Court finds that the offender has committed the worst form of the offense. Again, the court notes that the case involves anal and oral sex with one prepubescent or early teenage girls, there are multiple counts and that he used his relationship with his familiar — with family in order to obtain access to the girls, which involves a violation of trust. And paid them with alcohol, cigarettes and cash. All of which the court finds this sufficient to require a maximum sentence to be imposed."
 {¶ 24} In its sentencing entry, the trial court stated: "The Court has imposed maximum sentences * * * because the Court specifically FINDS that [Hill] has committed the worst form of the offense, in that he has performed multiple acts of sexual assault on two separate victims, over a lengthy period of time, after being entrusted with their care, and after building up their trust, and upon payment to the victims of rewards such as alcohol, tobacco, and cash, and because the sexual assaults included both oral and anal sex, and given the ages of the victims at the times of the crimes, and because the series of offenses demonstrates a pattern of criminal behavior."
 {¶ 25} Here, Hill does not allege that the trial court did not make the required findings; rather, he argues that the trial court erred in finding that he committed one of the worst forms of the offense. He asserts that the State did not show: (1) that he used force or violence to commit the offenses, (2) any evidence of psychological harm to the victims, or (3) that Hill is a serial child rapist or repeat offender. We note that none of these is a necessary characteristic of a worst form of an offense.
 {¶ 26} After a thorough review of the record, we cannot find the trial court's finding that Hill committed the worst form of the offense is unsupported by the record or contrary to law. Hill's offenses involved multiple acts of sexual assault, including oral and anal sex, on two young victims over a lengthy period of time. He used the trust of the victims and their mother to facilitate his offenses. Finally, Hill gave the victims money, tobacco, and alcohol in exchange for his sexual assaults against them. Thus, we overrule Hill's first assignment of error.
 III. {¶ 27} In his second assignment of error, Hill argues that the trial court erred in imposing consecutive sentences because it failed to make the findings required by R.C. 2929.14(E).
 {¶ 28} In general, a prison sentence imposed by an Ohio court must run concurrently with any other sentence imposed by any other court in this country. R.C. 2929.41(A). However, a court may impose consecutive sentences under R.C. 2929.14(E)(4) when:
 {¶ 29} "* * * the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 30} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 31} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 32} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 33} The inquiry under R.C. 2929.14(E)(4) is a "tripartite procedure." State v. Hiles (Nov. 6, 2000), Hocking App. No. 99CA23, citing, State v. Haugh (Jan. 24, 2000), Washington App. No. 99CA28. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender;" second, the court must find that the consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" the offender poses; and finally, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c). Id.
 {¶ 34} The verb "finds," as used in R.C. 2929.14(E)(4), means that the court "must note that it engaged in the analysis" required by the statute. See Edmonson, 86 Ohio St.3d at 326; State v. Brice (Mar. 29, 2000), Lawrence App. No. 99CA21. Additionally, the court must comply with R.C. 2929.19(B)(2)(c), which requires that the sentencing court make a finding giving its reasons for deciding to impose consecutive sentences under R.C. 2929.14. The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). State v. Dillon, Athens App. No. 01CA54, 2002-Ohio-4990, at ¶ 26, citing Brice.
 {¶ 35} Hill admits that the trial court made the "findings" required by R.C. 2929.14(E)(4); however, he asserts that the trial court failed to articulate its reasons for imposing consecutive sentences.
 {¶ 36} After a thorough review of the record, we find that the trial court failed to articulate its reasons for imposing consecutive sentences and sustain Hill's second assignment of error. We therefore reverse the consecutive nature of Hill's sentences.
 IV. {¶ 37} In his third assignment of error, Hill argues that the indictment's inexactitude as to the dates and times of the offense prejudiced his ability to defend himself. He asserts that the inexactitude of the dates in the indictments prejudiced his ability to fairly defend himself because he was not able to prepare an alibi.
 {¶ 38} "Experience and common sense indicate that a certain degree of inexactitude in the language of indictments is not per se
impermissible or necessarily fatal to a prosecution." State v. Clarke
(June 20, 1991), Scioto App. No. CA1858, citing State v. Gingell (1982),7 Ohio App.3d 364, 368. See, also State v. Sellards (1985),17 Ohio St.3d 169, 171. The dispositive issue in these cases is whether the lack of detail in the indictment prejudices the accused's ability fairly to defend himself or herself. Clarke, citing State v. Barnecut
(1988), 44 Ohio App.3d 149, 151. In Clarke, we relied upon Barnecut in stating "where the defendant did not present an alibi defense, where he conceded being alone with the victims of the alleged sex offenses at various times throughout the relevant time frame, and where his defense was that the alleged sexual contact never occurred, the inexactitude of dates or times in the indictment did not constitute prejudicial error."
 {¶ 39} Here, Hill admitted that he was alone with the victims throughout the relevant time frame and his only defense was that the alleged sexual contact never occurred. Thus, Clarke and Barnecut directly apply in this case and we find that Hill has failed to meet his burden of proving prejudice to his ability to prepare and present his defense because of the inexactitude in the indictment. Accordingly, we overrule Hill's third assignment of error.
 V. {¶ 40} In his fourth assignment of error, Hill argues that the trial court erred in permitting the state to amend counts thirteen and fourteen of the indictment in case 01-CR-20.[2] He argues that because the Counts were amended so that they spanned the effective date of Am.Sub.S.B. 2, that the trial court was not able to properly sentence Hill.
 {¶ 41} Section 10, Article I of the Ohio Constitution and theSixth Amendment to the United States Constitution entitles a person accused of a felony to an indictment setting forth the nature and cause of the offense. Crim.R. 7(D) governs the amendment of indictments and permits most amendments. However, when a trial court's amendment changes the name or identity of the offense charged, the trial court has committed reversible error, regardless of whether the defendant can show prejudice. State v. Honeycutt (2002) Montgomery App. No. 19002002-Ohio-3490; State v. Strozier (Oct. 5, 1994), Montgomery App. No. 14021, quoting State v. Headley (1983), 6 Ohio St.3d 475, 478-479. When amendments do not change the name or identity of the offense charged, the defendant is entitled to a continuance "unless it clearly appears from the whole of the proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made." Strozier, quoting Crim.R. 7(D).
 {¶ 42} Here, Hill's only complaint about the amendments is the confusion during the trial court proceedings over the applicable sentencing. Assuming arguendo that a change in the sentence for an offense constitutes a change in the "name or identity" of the offense, we nonetheless cannot find that the amended indictment changed the name or identity of Hill's offense in this case because it did not change his possible sentence. Before the amendment, counts thirteen and fourteen were alleged to have happened between August 1, 1994 and June 20, 1996, a date that is before the effective date of Am.Sub.S.B. 2's effective date of July 1, 1996. Because we determined, in considering Hill's fifth assignment of error, that Am.Sub.S.B. 2's changes to the sentencing provision of R.C. Chapter 2929 do not apply to counts thirteen and fourteen as amended, the amendments did not change Hill's possible sentence. Therefore, we find that the amendments did not change the name or identity of the offenses charged. Accordingly, we overrule Hill's fourth assignment of error.
 VI. {¶ 43} In his sixth assignment of error, Hill argues that his counsel was ineffective by (1) failing to object and, therefore, preserve issues for appeal; and (2) failing to request that the trial court apply the amended sentencing law.
 {¶ 44} The Sixth Amendment to the United States Constitution and Section 10, Article I, Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. Furthermore, the United States Supreme Court has generally interpreted this provision to mean that a criminal defendant is entitled to the "reasonably effective assistance" of counsel. Strickland v.Washington (1984), 466 U.S. 668, 687. In order to prove the ineffective assistance of counsel, a criminal defendant must show that (1) counsel's performance was in fact deficient, i.e., not reasonably competent, and (2) such deficiencies prejudiced the defense so as to deprive the defendant of a fair trial. Strickland at 687; State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus.
 {¶ 45} Because we have addressed each of Hill's assignments of error on its merits and concluded that the trial court erred only in ordering the sentences to be served consecutively, we cannot find that Hill's counsel committed error in failing to preserve objections. Statev. McClellan, Meigs App. No. 00CA31, 2001-Ohio-2381.
 {¶ 46} We also cannot find that Hill's counsel committed any error in failing to request that the trial court sentence Hill under the amended sentencing provisions. We have determined that the trial court was correct in using the pre-Am.Sub.S.B. 2 sentencing provisions. Moreover, there is no evidence that the sentence imposed pursuant to the amended sentencing provisions would have been more beneficial to Hill. It is possible that Hill's sentence will be shorter under the old law than under the new. State v. Rush, 83 Ohio St.3d 53, 1998-Ohio-423, fn. 2.
 {¶ 47} Therefore, we overrule Hill's sixth assignment of error.
 VII. {¶ 48} In his seventh assignment of error, Hill asserts that his convictions are against the manifest weight of the evidence because the evidence he presented outweighed the evidence the state presented. He asserts that the jury lost its way by crediting the testimony of the victims over his own testimony.
 {¶ 49} In determining whether a criminal conviction is against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. In making such a determination, we sit as a thirteenth juror. Thompkins at 387, citingTibbs v. Florida (1982), 457 U.S. 31, 42. However, "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Thompkins at 387, quoting Martin at 172.
 {¶ 50} Hill asks us to find that the victims' testimony was not credible because they continued to associate with him after he allegedly sexually assaulted them. Hill asserts that "this behavior is powerful evidence that the allegations were contrived and have no basis in fact." Hill's assertion grossly oversimplifies the dynamics of child sex abuse, especially when an adult builds a relationship based upon trust with the victims and their family and then rewards the victims for their participation in the sexual abuse with alcohol, cigarettes and cash.
 {¶ 51} After thoroughly reviewing the entire record, we find that the jury did not clearly lose its way and create a manifest miscarriage of justice by failing to believe Hill's testimony and believing the testimony of the victims. Accordingly, we overrule Hill's seventh assignment of error.
 VIII. {¶ 52} In sum, we overrule all of Hill's assignments of error except his second assignment of error. Accordingly, we affirm in part and reverse in part the judgment of the trial court. We remand this case to the trial court for the sole purpose of reevaluating whether the sentences should be served consecutively.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART AND THE CAUSE REMANDED to the trial court for the trial court to enter a new sentence consistent with this opinion, and Appellant and Appellee to split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. and Kline, J.: Concur in Judgment and Opinion.
Harsha, J.: Concurs in Judgment and Opinion as to Assignments of Error I, II, III, VI, VII, and Dissents as to Assignments of Error IV V.
[2] Hill also asserts that the trial court erred in amending Counts 22 and 23 of this indictment, but provides no argument in support of this assertion. The jury found Hill not guilty on Count 23. Because Hill did not provide any argument in support of his assertion, we do not address it. App.R. 12(A)(2) (an appellate court may disregard any assignment of error for which the appellant fails to make a separate argument as required by App.R. 16).